**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **vs.** | : | **Criminal No. 06-20185** |
| | : | **Honorable Victoria A. Roberts** |
| | : | |
| **ROY WEST,** | : | |
| | : | |
| **Defendant.** | : | |

<u>**MOTION FOR DISCLOSURE OF IMPEACHING INFORMATION**</u>

Comes now Roy West , by and through his attorneys Keith Spielfogel and

Byron H. Pitts , and respectfully moves this Honorable Court for an Order

directing the Government to make diligent inquiry and disclose all of the following

within its possession custody or control or the existence of which is known, or by

the exercise of reasonable diligence could become known to the Government

(which has not been previously tendered to the defense):

1.      Any and all records and information revealing felony convictions,

guilty verdicts or juvenile adjudications of each witness (a) to be called by the

Government at the trial, (b) who testified before any grand jury concerning this

case, or (c) who furnished oral or written statements during the investigation of

this case (hereinafter jointly referred to as "government witnesses'), including but

not limited to relevant "rap sheets".

2.      Any and all records and information revealing prior misconduct or

bad acts attributed to each government witness.

3.      Any and all consideration or promise of consideration given to or on behalf of each government witness. By "consideration", Mr.West refers to anything of value or use, including but not limited to criminal, civil or tax immunity grants; assistance or favorable treatment or recommendations with respect to any criminal, civil, tax court, court of claims, administrative or other legal dispute with the Government (state or federal), or any other parties; payments of money or fees, such as witness fees and special witness fees, provision of food, clothing, shelter, transportation or other like benefits; placement in a witness protection program"; and any other matter, without limitation, which could reveal an interest or bias in the witness in favor of the Government or against the defense, or act as an inducement to testify, to color testimony, or to refuse to discuss testimony or facts with defense counsel.

4.      The existence and identification of each occasion on which each government witness has testified before any court, grand jury, and other tribunal or body, and/or otherwise narrated the details of this investigation, or the facts of this case.

5.      Any and all other records and information which are helpful or useful to the defense in impeaching a government witness, or otherwise detracting from the probative force of the Government's evidence, or which could lead to discovery of such records or information, or which is material either to guilt or punishment of Mr.West.

WHEREFORE, Mr. West asks this court to grant this Motion for the

reasons cited in the accompanying Memoranda of Law and enter an appropriate

order.

Respectfully submitted,
s/Keith Spielfogel ( IL 2689537)
s/ Byron H. Pitts


Keith Spielfogel
190 S. LaSalle St.
Suite 520
Chicago, Il  60603
(312) 236-6021
spielfogel@sbcglobal.net

Byron H. Pitts
645 Griswold Street, Suite 3650
Detroit, MI 48226
(313) 964-7222
bpittslaw@sbcglobal.net

**IN THE UNITED STATES DISTRICTCOURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | **:** | |
| | **:** | |
| **Plaintiff,** | **:** | |
| | **:** | |
| **vs.** | **:** | **Criminal No. 06-20185** |
| | **:** | **Hon. Victoria A. Roberts** |
| | **:** | |
| **ROY WEST,** | **:** | |
| | **:** | |
| **Defendant.** | **:** | |

**BRIEF IN SUPPORT OF MOTION**
**FOR DISCLOSURE OF IMPEACHING INFORMATION**

Comes now Roy West , by and through his attorneys Keith Spielfogel and Byron H. Pitts , and respectfully submits this Brief in Support of Motion for Disclosure of Impeaching Information.

**I.**

**INTRODUCTION**

Mr. West has moved for disclosure of "impeaching information", in order to protect his rights to a fair trial. The government has indicated the following:

> Generally speaking, we are aware of our *Brady* and *Giglio* obligations, and will comply with them.  With regard to your specific requests:
>
> a.    We will provide defense counsel with the "rap sheets" of any trial witness with a criminal record.  However, we regard the request for "any and all records and information" as vague and overly broad.
>
> b.    We will provide any records or information regarding prior misconduct or bad acts attributable to government witnesses to the extent that we are in possession of such records or information, and to the extent that disclosure is required by

4

*Giglio.*

    c.      We will provide the information described in this paragraph to the extent that disclosure is required by *Giglio*.

    d.      We will provide transcripts of prior testimony of each witness, if any.

    e.      We will fulfill our *Giglio* and *Brady* obligations.

Based on the government's limited agreement to provide the information requested in this motion and based on current case law requiring a specific request for such information, the instant motion has been filed.

## A.      The Duty of Disclosure

Due process prevents the Government from suppressing evidence favorable to the accused, either as to guilt or punishment, irrespective of the good faith or bad faith of the prosecution. Brady v. Maryland, 373 U.S. 83 (1963). Brady, supra, teaches that due process requires, production of evidence which is materially favorable to the accused, either as direct or impeaching evidence. Williams v. Dutton, 400 F.2d 797, 800 (5th Cir. 1968), cert. denied, 393 U.S. 1105; Mooney v. Holohan, 294 U.S. 103 (1935); Pyle v. Kansas, 317 U.S. 213 (1942). This requirement of candor by the sovereign encompasses information bearing upon the credibility of its witnesses as well as matters material to the issues of guilt or punishment. Napue v. Illinois, 360 U.S. 264 (1959); Giglio v. United States, 405 U.S. 150 (1972); Williams v. Dutton, supra. As stated by the Supreme Court in Napue v. Illinois, supra, at 269:

> The jury's estimate of the truthfulness and reliability of a given
> witness may well be determinative of guilt or innocence, and it is
> upon such subtle factors as the possible interest of the witness in

testifying falsely that a defendant's life or liberty may depend.

Moreover, in this federal prosecution, the Court's supervisory power to safeguard "the correct administration of justice in the federal courts" reinforces the due process requirement of disclosure. United States v. Consolidated Laundries Corp., 291 F.2d 563, 571 (2d Cir. 1961); United States v. Miller, 411 F.2d 825, 832 (2d Cir. 1969). See generally, Communist Party of the United States v. S.A.C.B., 351 U.S. 115, 124 (1956).

### B.    Pretrial Disclosure is Necessary

Disclosure of information impeaching the credibility of witnesses must be timed to enable effective preparation for trial. United States v. Polisi, 416 F.2d 573, 578 (2d Cir. 1969); United States v. Baxter, 492 F.2d 150, 173-174 (9th Cir. 1973); cert. denied, 416 U.S. 940 (1974). As pointed out in United States v. Pollack, 534 F.2d 964, 973 (D.C. Cir. 1976), cert. denied, 429 U.S. 924 (Lumbard, J., sitting by designation):

> Disclosure by the government must be made at such a time
> as to allow the defense to sue the favorable material effectively
> in the preparation and presentation of its case, even if satisfaction
> of this criterion requires pretrial disclosure.

Indeed, even when the favorable information takes the form of a witness statement otherwise protected from pretrial discovery by the Jencks Act (18 U.S.C. §3500),[1] the prosecution must nonetheless disclose it as far in advance of trial as Due Process may practically require for the defense to make fair use of it. ~ United States v. Narciso, 446 F.Supp. 252, 270-71 (ED. Mich. 1976); United States v. Houston, 339 F.Supp. 762, 765-66 (N.D. Ga. 1972); United States v. Eley, 335 F.Supp. 353, 358 (ND. Ga. 1972); United

---

[1]When added to the Eighth Amendment concerns inherent in any capital prosecuting in combination with Brady, the concerns of the Jencks Act are subordinate.

6

States v. Gleason, 265 F.Supp. 880, 887 (S.D. N.Y. 1967), cert. denied, 409 U.S. 888

(1972). Compare United States v. Campagnuolo, 592 F.2d 852 (5th Cir. 1979). Brady

supra, overrides the Jencks Act, on the timing of production where lack of pretrial discovery

results in prejudice to the defendant "of a substantial character". Harris v. United States,

458 F.2d 670, 677 (5th Cir. 1971), cert. denied, 409 U.S. 888 (1973); United States v. Felts,

497 F.2d 80, 82 (5th Cir.), cert. denied, 419 U.S. 1051 (1974); United States v. Kaplan, 554

F.2d 577, 579-80 (3d Cir. 1977).

Indeed, pretrial disclosure is required in the interest ofjustice. It is recognized that

even Jencks disclosure before trial "is a salutary practice and we encourage it". United

States v. Murphy, 569 F.2d 771, 774 (3d Cir. 1978), cert. denied, 435 U.S. 955 (1978).

Significantly, this pretrial motion does not call upon the Court to overturn a conviction

or to weigh such questions as materiality and prejudice in retrospective review of a trial

record, the usual vantage point of the appellate decisions. ~ United States v. Five Persons,

472 F.Supp. 64, 68 (D.N.J. 1979). Rather, the Court must prospectively decide under Brady

whether "the subject matter of the [specific] request if material, or indeed if a substantial

basis for claiming materiality exists." United States v. Agurs, 427 U.S. 97, 106 (1976).

Furthermore, the Court must also prospectively decide under Rule 16(a)(1)® of the Federal

Rules of Criminal Procedure whether the request embraces matter which is "material to the

preparation of [the] defense." As to Rule 16(a)(1) ( c ), one court noted the special

materiality of impeaching information:

> "...aside from outright exculpatory items, it is difficult to imagine
> information more material to the preparation of the defense than
> credibility items for critical or major government witnesses."
> United States v. Five Persons, 472 F.Supp. 64, 67 (DN.J. 1979).

7

Even assuming due process itself does not require disclosure, the ends of judicial economy, careful trial preparation and clarity of evidentiary presentation will be greatly benefitted by pretrial production of the requests we make here.

### C.    The Scope of Impeachment Evidence Requested

Wigmore has defined the process of impeaching testimonial evidence as the general logical process of explaining or discrediting the assertions of a witness by reference to the "human element in [the] testimony:"

> But A's assertion that a street lamp was lighted at a given time or place is generally of a piece with hundreds of thousands of former evidential data, viz, it is a human assertion, resting for credit on human qualities. The human element in this testimony is an element in common, running through the vast mass of prior human testimonies. And even though human beings differ, yet their differences also are generic, each on a vast scale. Moral character, bias, experience, powers of perception in light and dark, powers of memory after a lapse of time, susceptibility to falsi~' under torture, - these and other qualities have been under observation in so many thousands of instances under varying conditions that we have built up generalizations (more or less correct or uniform), which pass for general truths (or at least, as working guides) on those subjects. In short, we possess a fund of general principles, applicable to specific instances of this class of evidence, and almost totally lacking for specific circumstantial evidence. (Emphasis in original).

3 Wigmore, Evidence, §587 at 362-63 (3d ed. 1940). We are concerned with gaining adequate information regarding these "general principles" of crediting and discrediting witnesses.

McCormick has identified "five main lines of attack upon the credibility of a witness:"

> There are five main lines of attack upon the credibility of a witness. The first, and probably the most effective and most frequently employed, is an attack by proof that the witness on a previous occasion has made statements inconsistent with his present testimony. The second is an attack by showing that the witness is biased on account of emotional influences such as

> kinship for one party or hostility to another, or motives of
> pecuniary interest, whether legitimate or corrupt. The third is an
> attack upon the character of the witness, The fourth is an attack by
> showing a defect of capacity in the witness to observe, remember
> or recount the matters testified about. The fifth is proof by other
> witnesses that material facts are otherwise than as testified to by
> the witness under attack.

McCormick, Evidence, §33 at 66 (2d ed. 1972).


As can be seen, impeachment is not limited to discrediting ones character for veracity. 3 Wigmore, Evidence, §874 at 362 n.1 (3d ed. 1940). Nor is the process limited to cross-examination. Extrinsic evidence showing bias, for example, may be elicited. ~g, Johnson v. Brewer, 521 F.2d 556, 562 & n.13 (8th Cir. 1975).

With these general principles in mind, we address ourselves to the specifics of this Motion.

## II.

## SPECIFIC REQUESTS FOR DISCLOSURE

To help focus the duty of disclosure, Mr. West has itemized likely sources of impeaching information which may be within the knowledge of the prosecution:


**Item 1.**        Mr.West's request for information regarding prior felony convictions and juvenile adjudications invokes a classic avenue of impeachment which appears directly within the ambit of Rule 609 of the Rules of Evidence. The Conference Committee Report to that rule speaks in terms of "the need for the trier of the fact to have as much relevant evidence on the issue of credibility as possible." H.R.Rep. 93-1597, 93d Cong., 2d Sess. 9

9

(1974). See generally, Beaudine v. United States, 368 F.2d 417, 421-22 (5th Cir. 1966).

The inclusion of "guilty verdicts" in the request results from decisions authorizing their use,

even though not reduced to judgment, for purposes of impeachment. United States v.

Caraday, 466 F.2d 1191 (9th Cir. (1972) (per curiam); United States v. Rose, 541 F.2d 750

(8th Cir. 1976). Thus, disclosure is plainly in order. See, ~g. United States v. Ouinn, 364

F.Supp. 432, 445 (N.D. Ga. 1973) affirmed on other ground, 514 F.2d 1250 (5th Cir. 1975);

United States v. Moceri, 359 F.Supp. 431, 435 (N.D. Ohio 1973); United States v. Leta, 60

F.R.D. 127, 131 (M.D. Pa. 1973); United States v. Leichtfiiss, 331 F.Supp. 723, 736 (N.D.

Ill. 1971). For convenience it should also extend to production of any and all so-called "rap

sheets" for the witness.

       **Item 2.**     The Federal Rules of Evidence grant the Court discretion to permit a

defendant to cross-examine a witness regarding specific instances of misconduct (so-called

"bad acts") even though such behavior does not amount to felony conviction, if the evidence

impeaches the witness' credibility. Rule 608(b), Federal Rules of Evidence. The purpose of

such testimony is to attack the witness' character for truthfulness, and not to establish bias,

interest, or prejudice. See, McCormick, Evidence, §42 at 83 (2d ed. 1972). Since this is a

permissible area of inquiry, the prosecution must disclose to the defense any behavior of its

witnesses which may reasonably be construed as such "bad acts".

       **Item 3.**     The Government has a constitutional obligation to disclose any and all

consideration which it has held out to a witness or which the witness anticipates, since such

consideration directly invokes an inference of bias or interest. See generally, United States

v. Mayer, 556 F.2d 245, 248 (5th Cir. 1977). A common example of such matter which must

be disclosed to the defense is the making of promises or the holding out of other

inducements for a witness to cooperate and testify against the Defendant. See, ~g., <u>United States v. Baskes</u>, 649 F.2d 471, 476 (7th Cir. 1980); <u>United States v. Esposito</u>, 523 F.2d 242, 248 (7th Cir. 1975), cert. <u>denied</u>, 425 U.S. 916 (1976); <u>United States v. Harris</u>, 498 F.2d 1164, 1168 (3d Cir.), cert. <u>denied</u>, 419 U.S. 1069 (1974); <u>United States v. Tashman</u>, 478 F.2d 129 (5th Cir. 1.973); <u>United States v. Harris</u>, 462 F.2d 1033 (10th Cir. 1972).  In <u>Giglio vs. United States</u>, 405 U.S. 150 (1972), the Supreme Court made plain that this is an affirmative duty which the Government must discharge responsibly, and that the ignorance of one prosecutor about the promises made to a government witness by another prosecutor does not excuse the failure to disclose.  In the instant case, the prosecution is obliged to make appropriate inquiry and search to determine what consideration, broadly defined, it has offered to or bestowed upon its witnesses; including, but not limited to, any beneficial treatment in the tax realm, not being charged as a co-conspirator, or any other area related in this Motion.

**Item 3.**        The existence and identification of each occasion on which the witness has testified, or otherwise narrated the facts, should be disclosed so that Mr.West can order transcripts of testimony for use in cross-examination or can investigate sources of extrinsic impeachment, for example. McCormick points out that:

> When a witness testified to the facts material in a case the opponent may have available proof that the witness has previously made statements that are inconsistent with his present testimony. Under a modern view of the hearsay rule, these previous statements would be admissible as substantive evidence of the fact stated.

McCormick, <u>Evidence</u>, §34 at 67 (2d ed. 1972). See , Rules 801(d)(1) and 806, Federal

11

Rules of Evidence. If the Government has available information which may lead to proof of prior inconsistent statements or other evidence helpful to the accused, fundamental fairness requires that it be turned over to the defense. Davis v. Heyd, 479 F.2d 446 (5th Cir. 1973) (writ granted where undisclosed prior statements of state witness corroborated defense theory and contradicted his testimony at trial). See also, Monroe v. Blackburn, 607 F.2d 148 (5th Cir. 1979); United States ex rel. Butler v. MarQ~y, 319 F.2d 622 (3d Cir. 1963).

Item 4.    The final item is a catch-all. The Government must not suppress and keep from disclosure evidence of "basic mental trouble" suffered by a witness. Wimon v. Powell, 293 F.2d 605, 606 (5th Cir. 1961). See generally, United States v. Partin, 493 F.2d 750, 762-64 (5th Cir. 1974). Further, if, for bizarre example, the Govermnent has used hypnosis for hypnotic age regression in the preparation of its witnesses, the Defendant is entitled to pretrial disclosure of the facts. Such methods are not unknown. United States v. Miller, 411. F.2d 825 (2d Cir. 1969). Emmet v. Ricketts, 397 F.Supp. 1025 (N.D. Ga. 1975). See also, United States v. Hart, 344 F.Supp. 522 (ED. N.Y. 1971) (polygraph or other lie detection techniques). The same requirement of disclosure, of course, would be true if the Government knew a witness had an appetite for narcotic drugs at the time of the relevant events, United States v. ICinard, 465 F.2d 566, 570-74 (D.C. Cir. 1972), or during trial, Wilson v. United States, 232 U.S. 563, 568 (1914), or if a witness harbored a distaste for the defendant, ~g. United States v. Haggett, 438 F.2d 396, 398-40 (2d Cir.), cert. denied, 402 U.S. 946 (1971), cf., United States v. Aleman, 609 F.2d 298, 307 (7th Cir. 1979), cert. denied, 445 U.S. 946 (1980), or those of the defendant's ilk. See, e.g., United States v. Kartman, 417 F.2d 893, 897 (9th Cir. 1969).

Impeachment comes in many forms and to the extent that the Government

recognizes it -- either by virtue of the suggestions in this Motion or otherwise -- the evidence

for such purposes may not be suppressed, regardless of the good faith or bad faith of the

prosecution. Brady v. Maryland, supra.

Respectfully submitted,
s/Keith Spielfogel ( IL 2689537)
s/ Byron H. Pitts

Keith Spielfogel
190 S. LaSalle St.
Suite 520
Chicago, Il  60603
(312) 236-6021
spielfogel@sbcglobal.net

Byron H. Pitts
645 Griswold Street, Suite 3650
Detroit, MI 48226
(313) 964-7222
bpittslaw@sbcglobal.net

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **:** |
| | **:** |
| **Plaintiff,** | **:** |
| | **:** |
| **vs.** | **:**    **Criminal No. 06-20185** |
| | **:**    **Hon. Victoria A. Roberts** |
| | **:** |
| **ROY WEST,** | **:** |
| | **:** |
| **Defendant.** | **:** |

_____

## **CERTIFICATE OF SERVICE**

I hereby certify that on the  day of July, 2008, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Elizabeth Stafford at the U.S. Attorneys Office.

Keith Spielfogel
190 S. LaSalle St.
Suite 520
Chicago, Il  60603
(312) 236-6021
spielfogel@sbcglobal.net

14