IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
|     Plaintiff, ) | |
| vs. ) | CASE NO:06-20185 |
| ) | HON. VICTORIA A. ROBERTS |
| D-1 ROY WEST ) | |
|     Defendant. ) | |

### DEFENDANT ROY WEST'S, MOTION FOR PRETRIAL DISCLOSURE OF ALL EVIDENCE WHICH THE GOVERNMENT INTENDS TO OFFER PURSUANT TO RULE 404 (b) OF FED. R. EVID.

Comes now Roy West , by and through his attorneys Keith Spielfogel and Byron H. Pitts , and respectfully moves this Court for an order compelling the government to disclose, at least thirty days prior to trial, all evidence which it intends to offer pursuant to Rule 404 (b) of the Federal Rules of Evidence.

            Respectfully submitted,
            s/Keith Spielfogel ( IL 2689537)
            s/ Byron H. Pitts

Keith Spielfogel
190 S. LaSalle St.
Suite 520
Chicago, Il  60603
(312) 236-6021
spielfogel@sbcglobal.net

Byron H. Pitts
645 Griswold Street, Suite 3650
Detroit, MI 48226
(313) 964-7222
bpittslaw@sbcglobal.net

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| Plaintiff, ) | |
| vs. ) | CASE NO:06-20185 |
| ) | HON. VICTORIA A. ROBERTS |
| **D-1 ROY WEST** ) | |
| Defendant. ) | |

**BRIEF IN SUPPORT OF DEFENDANT ROY WEST'S, MOTION FOR PRETRIAL DISCLOSURE OF ALL EVIDENCE WHICH THE GOVERNMENT INTENDS TO OFFER PURSUANT TO RULE 404 (b) OF FED. R. EVID.**

Rule 404 (b) of the Federal Rules of Evidence provides:

(b) Other crimes, wrongs or acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

Such disclosure should include, but should not necessarily be limited to:

1. A description of the other crime, wrong or act the government intends to offer. The description should include:

    a. The date or dates on which the other crime, wrong or act allegedly occurred;

    b. The place or places at which such crime, wrong or act occurred;

2. The names and addresses of all persons who were witnesses to or have knowledge of such crime, wrong or act.

3. Copies of all documents, materials, or other tangible objects which the government intends to offer into evidence in conjunction with such 404 (b) evidence.

2

      4. All evidence which in exculpatory within the purview of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), with regard to such other crimes, wrongs or acts evidence, i.e., all evidence which detracts from the probative value of such evidence, or which indicates that the probative value of the evidence might be outweighed by its prejudicial effect.

      5. A statement of the purpose for which such evidence is offered, i.e., a declaration from the government of whether the evidence is being offered to show motive, or opportunity, or intent, etc.

The government has advised the defendant pursuant to Local Rule 7.1(a) and FRCP 16 that it will provide " reasonable notice " of 404 (b) evidence. Without setting forth what it believes constitutes " reasonable notice ", the government asserts that it will not agree that thirty days is a reasonable deadline to produce such evidence.

Defendant West's position is that, given the potentially grave prejudicial nature of evidence offered under Rule 404(b) and the potential for the need to conduct a new and separate investigation concerning that evidence, thirty days prior notice is reasonable notice under Rule 404(b). Being tendered 404(b) evidence on the eve of trial simply does not provide the defendant with either an adequate time to investigate and prepare a defense to other crimes evidence or an adequate opportunity to research and brief a response to the governments 404(b) motion.

The receipt of notice under 404(b) so close to trial often comes when the defendant is in the midst of preparing numerous other issues for trial. The late filing of the motion often necessitates a request for a continuance by the defense. Such a request often is an inconvenience to the court and to others involved in the trial of the case. It is almost always

an unnecessary inconvenience in light of the fact that the evidence of other crimes that the government seeks to admit is often known to the government long before two weeks prior to trial.

WHEREFORE, defendant West requests that this Court enter an Order:

1. Prohibiting the government from introducing any 404 (b) evidence in this matter because of the obvious prejudice to the defendant, or;

2. Require the government to disclose such 404 (b) evidence at least 30 days in advance of trial so that defendant West may have time to adequately investigate and rebut such evidence and make such objections as justice may require.

                Respectfully submitted,
                s/Keith Spielfogel ( IL 2689537)
                s/ Byron H. Pitts

Keith Spielfogel
190 S. LaSalle St.
Suite 520
Chicago, Il 60603
(312) 236-6021
spielfogel@sbcglobal.net

Byron H. Pitts
645 Griswold Street, Suite 3650
Detroit, MI 48226
(313) 964-7222
bpittslaw@sbcglobal.net

CERTIFICATE OR SERVICE

  I hereby certify that on the  day of July, 2008, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Elizabeth Stafford at the U.S. Attorneys Office.

              <u>s/Keith Spielfogel</u>
              190 S. LaSalle Street
              Suite 520
              Chicago, Illinois 60603
              (312) 236-6021
              spielfogel@sbcglobal.net
              IL 2689537