IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,    ) | |
|         Plaintiff,    ) | |
| vs.    ) | CASE NO:06-20185 |
| ) | HON. VICTORIA A. ROBERTS |
| D-1 ROY WEST    ) | |
|         Defendant.    ) | |

**DEFENDANT ROY WEST'S MOTION TO REQUIRE NOTICE OF THE GOVERNMENT'S INTENTION TO INQUIRE ON CROSS EXAMINATION OF THE DEFENDANTS AS TO SPECIFIC INSTANCES OF CONDUCT UNDER RULE 608(b) OF THE FEDERAL RULES OF EVIDENCE**

Comes now Roy West, by and through his attorneys Keith Spielfogel and Byron H. Pitts, and respectfully moves this Court for an order requiring the Government to provide notice at least two weeks prior to the beginning of trial of its intention to inquire during the cross-examination of the defendant Roy West or any Co-defendant as to any "specific instances of conduct" pursuant to Federal Rule of Evidence 608(b).

                                              Respectfully submitted,
                                              s/Keith Spielfogel ( IL 2689537)
                                              s/ Byron H. Pitts

Keith Spielfogel
190 S. LaSalle St.
Suite 520
Chicago, Il  60603
(312) 236-6021
spielfogel@sbcglobal.net

Byron H. Pitts
645 Griswold Street, Suite 3650
Detroit, MI 48226
(313) 964-7222
bpittslaw@sbcglobal.net

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>          Plaintiff,  )<br>vs.  )<br>  )<br>D-1 ROY WEST  )<br>          Defendant.  ) | CASE NO:06-20185<br>HON. VICTORIA A. ROBERTS |

**BRIEF IN SUPPORT OF DEFENDANT ROY WEST'S MOTION TO REQUIRE NOTICE OF THE GOVERNMENT'S INTENTION TO INQUIRE ON CROSS EXAMINATION OF THE DEFENDANT AS TO SPECIFIC INSTANCES OF CONDUCT UNDER RULE 608(b) OF THE FEDERAL RULES OF EVIDENCE**

Rule 608(b) concerns the cross-examination of a witness regarding "specific instances of conduct" that are "probative of truthfulness or untruthfulness." Such acts can in the appropriate situation be separate from the crime charged in the indictment. Thus, preparation to answer the charges in the indictment does not prepare the defendant to address 608(b) allegations. Defendant West must have sufficient time to investigate alleged 608(b) "specific instances of conduct" in order to present an adequate defense at trial. Defendant West requested, pursuant to LR 7.1, that the government provide notice at least two weeks prior to trial of its intention to cross examine a defendant as to specfic instances of conduct under Rule 608 (b) . The government has informed the defense that it will not do so.

In order for the Court to rule as to whether such "specific instances of conduct" are admissible under Rule 608(b), notice to the defense is necessary so that timely objection can be made and the Court has full opportunity to hear the parties before determining its evidentiary ruling.

Moreover, pretrial notice as to any proposed 608(b) cross-examination of Co-defendants will allow Defendant West to timely make appropriate motions based on the proposed 608(b) questioning of such Co-defendant. Cross examination of a Co-defendant as to 608(b) areas may involve such unfair prejudice to the Defendant West as to require limitation of such questioning or a severance from that Co-defendant for purposes of trial. These issues should be determined pretrial, not during the cross-examination of a defendant when the damage cannot adequately be remedied.

The potential prejudicial nature of questioning the Defendant or his Codefendants regarding specific instances of conduct under Rule 608(b) is obvious. In requiring the Government to give the requested notice, this Court will ensure that the defendant is able to adequately investigate the Government's allegations and to present his objections to the court in a complete and thorough manner. Such notice will also provide this Court with ample opportunity to consider the arguments of both sides and to make a knowledgeable and accurate ruling. Considering the potential for mistrial presented by such inherently prejudicial evidence, pretrial notice and pretrial determination of these complex evidentiary issues is the most judicious procedure.

WHEREFORE, Defendant respectfully requests this Court to order the Government to give notice two weeks prior to the beginning of trial of its intention to inquire during the cross-examination of the defendant Roy West or any other Co-defendant as to any "specific instances of conduct" pursuant to Federal Rule of Evidence 608(b).

                    Respectfully submitted,
                    s/Keith Spielfogel ( IL 2689537)
                    s/ Byron H. Pitts

Keith Spielfogel
190 S. LaSalle St.
Suite 520
Chicago, Il  60603
(312) 236-6021
spielfogel@sbcglobal.net

Byron H. Pitts
645 Griswold Street, Suite 3650
Detroit, MI 48226
(313) 964-7222
bpittslaw@sbcglobal.net

CERTIFICATE OR SERVICE

      I hereby certify that on the  day of July, 2008, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Elizabeth Stafford at the U.S. Attorneys Office.

                                        <u>s/Keith Spielfogel</u>
                                        190 S. LaSalle Street
                                        Suite 520
                                        Chicago, Illinois 60603
                                        (312) 236-6021
                                        spielfogel@sbcglobal.net
                                        IL 2689537