IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,         ) | |
|         Plaintiff,          ) | |
|   vs.                               ) | CASE NO:06-20185 |
|                                    ) | HON. VICTORIA A. ROBERTS |
| D-1 ROY WEST                    ) | |
|         Defendant.       ) | |

**MOTION FOR A HEARING OR FOR A WRITTEN PROFFER ON
ADMISSIBILITY OF CO-CONSPIRATORS' STATEMENTS
UNDER FRE 801 (d)**

Comes now Roy West , by and through his attorneys Keith Spielfogel and Byron H. Pitts pursuant to Federal Rule of Evidence 104(a), and respectfully moves this Honorable Court for a pre-trial hearing to determine the admissibility of any co-conspirator's statements which the government intends to introduce under the "co-conspirator's exception" to the Hearsay Rule.  In the alternative, defendant moves for a written proffer at least two weeks prior to trial.

                                                          Respectfully submitted,
                                                          s/Keith Spielfogel ( IL 2689537)
                                                          s/ Byron H. Pitts

Keith Spielfogel
190 S. LaSalle St.
Suite 520
Chicago, Il  60603
(312) 236-6021
spielfogel@sbcglobal.net

Byron H. Pitts
645 Griswold Street, Suite 3650
Detroit, MI 48226
(313) 964-7222
bpittslaw@sbcglobal.net

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| Plaintiff, | ) | |
| vs. | ) | CASE NO:06-20185 |
| | ) | HON. VICTORIA A. ROBERTS |
| **D-1 ROY WEST** | ) | |
| Defendant. | ) | |

**BRIEF IN SUPPORT OF MOTION FOR A HEARING OR FOR A WRITTEN PROFFER ON ADMISSIBILITY OF CO-CONSPIRATORS' UNDER FRE 801 (d)**

The Defendants are charged with Conspiracy to Use Interstate Commerce Facilities In Commission of Murder-for-Hire. Under Federal Rule of Evidence 801 (d) (2) (E), a statement of a co-conspirator during the course of and in furtherance of a conspiracy is not hearsay if offered against a party. The defense in this motion requests either a pretrial hearing or a written proffer by the government at least two weeks prior to trial setting forth the basis for admission of co-conspirator statements. The government, pursuant to LR 7.1, has informed the defense that it will not provide a written proffer and that it does not believe there is a legal basis for this request.

Fed. R. Evid. 104 (a) and the court decisions interpreting it have defined the procedure by which the admissibility of co-conspirator declarations are determined. Rule 104 (a) states, in pertinent part, "Preliminary questions concerning...admissibility of evidence shall be determined by the court." The rule allocates to the trial judge the responsibility of deciding preliminary questions of admissibility. The jury does not play a role in these preliminary determinations.

2

Under Rule 104, the trial court must make the determination that co-conspirators' statements are admissible <u>before</u> they are presented to the jury, i.e., the "preliminary determination." <u>See</u> <u>United States v. Santiago</u>, 582 F.2d at 1131. See also, <u>United States v. Washita Construction Co.</u>, 789 F.2d 809, 821 (10th Cir. 1986); <u>United States v. Reda</u>, 765 F.2d 715, 721(8th Cir. 1985); <u>United States v. Pepe</u>, 747 F.2d 632, 653 N.27 (11th Cir. 1984); <u>United States v. Gonzalez</u>, 700 F.2d 196, 203 (5th Cir. 1983).

The Sixth Circuit in <u>United States v. Vinson</u>, 606 F. 2d 149 ( 1979), in facing the question of when and how to determine whether the government has established the existence of a conspiracy such that co-defendants' statements may be admitted under Rule 801, set forth the position that trial courts must have considerable discretion to determine the mode and order of proof at trial. The court stated that :

> One acceptable method is the so-called "mini-hearing" in which the court, without a jury, hears the government's proof of conspiracy and makes the preliminary Enright finding. N3 if the hearsay is found admissible, the case, including co-conspirator hearsay, is presented to the jury. Although this procedure has been criticized as burdensome, time-consuming and uneconomic, n4 a trial judge, in the exercise of his discretion, may choose to order the proof in this manner if the circumstances warrant.  606 F. 2d 152

The Court in <u>Vinson</u> went on to state that :

> The judge may also require the government to meet its initial burden by producing the non-hearsay evidence conspiracy first prior to making the Enright finding concerning the hearsay's admissibility. This procedure clearly avoids " the danger...of injecting the record with inadmissible hearsay in anticipation of proof of a conspiracy which never materializes. 606 F. 2d 152-53

The Court also noted that the judge may admit the hearsay statements subject

to later demonstration of their admissibility by a preponderance of the evidence. 606 F. 2d 153.

  A preliminary hearing is the preferred procedure because it: (a) ensures that prejudicial information does not erroneously reach the jury, requiring a mistrial as in <u>United States v. Dunn</u>, 564 F.2d 348 (9th Cir. 1977); (b) contributes to efficiency at trial by eliminating many trial objections and rulings; (c) lessens potential jury confusion; and (d) facilitates appellate review.  See <u>United States v. Mahone</u>, 537 F.2d 922, 929 (7th Cir.), <u>cert</u>. <u>denied</u>, 429 U.S. 1025 (1976).  The advantages of a preliminary hearing also were noted by the court in <u>United States v. Ricks</u>, 639 F.2d 1305 (5th Cir. 1981):

> A full hearing of all the evidence by the judge alone touching upon the issue which the judge alone is to decide is the best assurance that prejudicial hearsay will not be taken, inadvertently, before the jury. Following our preferred order of proof during jury trial can be clumsy.  Often, witnesses to the existence of the predicate facts are also witnesses to the statements sought to be presented.  Taking evidence from all witnesses to the predicate facts before introducing the statements, the admissibility of which depends upon those facts, can require more than one trip to the witness stand by several witnesses shuttling into and out of the courtroom.

639 F.2d at 1309.

  The additional time that a pre-trial hearing or a submission by the government in writing that the defense can respond to may take, is a small price to pay to ensure that inadmissible evidence is not presented to the jury . This is especially true given the nature of the charge against the defendants and the possible sentence should

they be convicted.

                                Respectfully submitted,
                                s/Keith Spielfogel ( IL 2689537)
                                s/ Byron H. Pitts

Keith Spielfogel
190 S. LaSalle St.
Suite 520
Chicago, Il  60603
(312) 236-6021
spielfogel@sbcglobal.net

Byron H. Pitts
645 Griswold Street, Suite 3650
Detroit, MI 48226
(313) 964-7222
bpittslaw@sbcglobal.net

5

CERTIFICATE OR SERVICE

      I hereby certify that on the  day of July, 2008, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Elizabeth Stafford at the U.S. Attorneys Office.

<u>s/Keith Spielfogel</u>
190 S. LaSalle Street
Suite 520
Chicago, Illinois 60603
(312) 236-6021
spielfogel@sbcglobal.net
IL 2689537