UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**UNITED STATES OF AMERICA,**

        **Plaintiff,**        CRIMINAL NO. 06-20185

**v.**

        HON. VICTORIA A. ROBERTS

**D-1   ROY WEST**

        **Defendant.**

                                    /

## GOVERNMENT'S ANSWER AND BRIEF IN RESPONSE TO DEFENDANT'S MOTION FOR PRETRIAL DISCLOSURE AND HEARING AS TO THE ADMISSION OF STATEMENTS UNDER RULE 801(d)(2)(E)

The United States of America, by and through its attorneys TERRENCE BERG and ELIZABETH A. STAFFORD, respond to Defendant's motion for pretrial disclosure and hearing as to the admissibility of coconspirator statements under Rule 801(d)(2)(E) of the Federal Rules of Evidence (Docket # 118) as follows:

1. Defendant WEST and his co-defendants were indicted on April 5, 2006, for Conspiring to Use Interstate Commerce Facilities in the Commission of Murder-for-Hire, which conspiracy resulted in the death of Leonard Day.

2. The Government intends to introduce statements of co-conspirators in furtherance of the conspiracy against the defendants at trial, and such statements are admissible under Rule 801(d)(2)(E). There is corroborating evidence that will

demonstrate that anyone who made such statements was involved in a conspiracy with the defendants at the time of the statements, and that the statements were made in furtherance of the conspiracy.

    3. The Court need not hold "burdensome, time-consuming and uneconomic" hearings prior to the admission of coconspirator statements under Rule 801(d)(2)(E). *United States v. Vinson*, 606 F.2d 149, 152 (6th Cir.1979) (citing *United States v. James,* 590 F.2d 575 (5th Cir. 1979) (*en banc*)). Instead, the Court should admit the statements conditionally, and evaluate at the end of the Government's case in chief if it has been proven by a preponderance of the evidence that there was a conspiracy, and that such statements were made by coconspirators, in furtherance of the conspiracy. *United States v. Robinson*, 390 F.3d 853, 867 (6th Cir. 2004)(citing *United States v. Vinson,* 606 F.2d 149, 153 (6th Cir.1979)).

    4. At a hearing in this case on May 14, 2008, defense counsel agreed to propose a mechanism for a protective order to limit the defense review of any co-conspirator statements to counsel and not the defendants, to protect the safety of co-conspirators. No such order has yet been proposed by the defense, making any disclosure at this juncture premature and potentially dangerous.

    WHEREFORE, the Government respectfully requests the Court deny Defendant WEST's motion for pretrial disclosure and hearing on the admissibility of any

coconspirator statements.

                      Respectfully submitted,

                      TERRENCE BERG
                      Acting United States Attorney

                      _____
                      S/Elizabeth A. Stafford, Bar No. P48866
                      Assistant United States Attorney
                      211 W. Fort St., Suite 2001
                      Detroit, Michigan 48226
                      Phone: (313) 226-9692
                      elizabeth.stafford@usdoj.gov

                      _____
                      S/Michael C. Leibson, Bar No. P24092
                      Assistant United States Attorney
                      211 W. Fort St., Suite 2001
                      Detroit, Michigan 48226
                      Phone: (313) 226-9615
                      michael.leibson@usdoj.gov

Date:  November 18, 2008

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**UNITED STATES OF AMERICA,**

        **Plaintiff,**        CRIMINAL NO. 06-20185

**v.**

        HON. VICTORIA A. ROBERTS

**D-1   ROY WEST**

        **Defendants.**
_____/

## BRIEF IN RESPONSE

    The defendant seeks pretrial disclosure of any incriminating statements made by coconspirators that may be used against him in trial. As the Federal Rules of Criminal Procedure do not require the government to disclose such statements, the defendant turns to an evidentiary motion.

    Rule 801(d)(2)(E) of the Federal Rules of Evidence provides that "A statement is not hearsay if – . . . the statement is offered against a party and is . . . a statement by a coconspirator of a party during the course and in furtherance of the conspiracy." Therefore, "the Government may use the statements of co-conspirators . . . if [it] shows by a preponderance of the evidence '(1) that a conspiracy existed, (2) that the defendant against whom the hearsay is offered was a member of the conspiracy and, (3) that the hearsay statement was made in the course and in furtherance of the

conspiracy.'" *United States v. Wright*, 343 F.3d 849, 866 (6th Cir.2003 ) (citation omitted) (quoting *United States v. Vinson*, 606 F.2d 149, 152 (6th Cir. 1979)).

The court need not determine prior to trial whether the requirements of Rule 801(d)(2)(E) have been met. Instead, the court may "conditionally admit co-conspirator statements 'subject to later demonstration of their admissibility by a preponderance of the evidence.'" *United States v. Robinson*, 390 F.3d 853, 867 (6th Cir. 2004)(quoting *United States v. Vinson,* 606 F.2d 149, 153 (6th Cir.1979)). The court in *Vinson* recognized two alternative methods: a "mini hearing" outside of the presence of the jury or requiring the government to produce all of its non-hearsay evidence before the statements are admitted. However, the court recognized that these methods have been criticized as "burdensome, time-consuming and uneconomic." *Vinson* at 152, (citing *United States v. James,* 590 F.2d 575 (5th Cir. 1979) (*en banc)). See also United States v. Bell*, 573 F.2d 1040, 1044 (8th Cir. 1978). Additionally, requiring the production of all of the non-hearsay evidence prior to the admission of co-conspirator declarations has the unfortunate effect of confusing the jury and precluding a logical, chronological presentation of the evidence.

The preferred method, which was used in the lower court for *Vinson*, allows the government to present its case-in-chief in a coherent and logical order, while cautioning that any co-conspirators' statements are only "admitted subject to the

defendant's continuing objection," and ruling on admissibility at the end of the government's case-in-chief. *Vinson* at 153. If the government has not met its burden, the judge may issue a jury instruction regarding the statements or declare a mistrial if the instruction would not "shield the defendant from prejudice." *Id.* The Sixth Circuit has repeatedly held that "jurors are presumed to follow the trial court's instructions," so a cautionary instruction would generally be sufficient in such a case. *United States v. Hynes*, 467 F.3d 951, 957 (6th Cir. 2006) (citing *United States v. Newsom*, 452 F.3d 593, 604 (6th Cir. 2006).

Finally, even if a pretrial hearing might be considered efficient in this case, the defense counsel's failure to propose or submit a motion that any coconspirator statements disclosed to the defense before the direct testimony of the witness that will introduce the statement be viewed only by counsel and not by the Defendants means that such disclosure now would be imprudent and potentially dangerous. Defense counsel previously agreed to seek a motion that would allow counsel to review any statements of co-conspirators without sharing such statements with their clients. Revealing to the defendants the contents of statements that would be used against them along with the identities of persons who made the statements would be too great a risk, and defense counsel has previously agreed to create a safer arrangement. Until such a time as those arrangements are made, the government should not be compelled

to disclose any co-conspirator statements before trial.

WHEREFORE, the Government respectfully requests that the Court deny Defendant Roy West's motion for pre-trial disclosure and hearing regarding the admissibility of any co-conspirator statements under Rule 801(d)(2)(E).

    Respectfully submitted,

    TERRENCE BERG
    Acting United States Attorney


    _____
    S/Elizabeth A. Stafford, Bar No. P48866
    Assistant United States Attorney
    211 W. Fort St., Suite 2001
    Detroit, Michigan 48226
    Phone: (313) 226-9692
    elizabeth.stafford@usdoj.gov


    _____
    S/Michael C. Leibson, Bar No. P24092
    Assistant United States Attorney
    211 W. Fort St., Suite 2001
    Detroit, Michigan 48226
    Phone: (313) 226-9615
    michael.leibson@usdoj.gov

Date:  November 18, 2008

## **CERTIFICATE OF SERVICE**

I hereby certify that on Tuesday, November 18, 2008, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to the following:

Byron H. Pitts & Keith A. Spielfogel, counsel for defendant Roy West
bpittslaw@sbcglobal.net
spielfogel@sbcglobal.net

 

_____
S/Elizabeth A. Stafford, Bar No. P48866
Assistant United States Attorney
211 W. Fort St., Suite 2001
Detroit, Michigan 48226
Phone: (313) 226-9692
elizabeth.stafford@usdoj.gov