UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**UNITED STATES OF AMERICA,**

            **Plaintiff(s),**      **CASE NUMBER: 06-20185**
                                    **HONORABLE VICTORIA A. ROBERTS**

**v.**

**ROY WEST ET AL.,**

            **Defendant(s).**
_____/

## ORDER DENYING DEFENDANT'S MOTION IN LIMINE

      This matter is before the Court on Defendant Roy West's Motion in Limine. (Doc. # 588). Defendant seeks exclusion of a recorded telephone conversation between Alvino Cornelius and a man identified at his first trial as "RR." In that November 10, 2005 conversation, -- approximately forty days before Leonard Day was murdered -- RR tells Cornelius that he is coming to Detroit, is going to make somebody "feel hurt," and is going to "take this m*****f***ing contract dog." (Doc. # 588-2; Def. Exh. A).

      Defendant argues that the conversation is inadmissible hearsay and that the statements of RR do not fall under the co-conspirator exception, Fed. R. Evid. 801(d)(2)(E), because they were not made in furtherance of the conspiracy. In response, the Government says RR's statements are not hearsay because they are not being offered for their truth, rather they reveal "what led Cornelius to become concerned about the dangerousness of the situation, prompting his later efforts to 'check [ ] his [West's] temperature' and keep West and others from bringing guns with them to Detroit." (Doc. # 589; Brief in Support of Gov.'s Response at 3). The Government

further contends that even if the statements are hearsay, they fall under the "state of mind" exception to the hearsay rule, Fed. R. Evid. 803(3), because RR describes his future intentions to come to Detroit and execute a contract.

In reply, Defendant argues that the conversation is unduly prejudicial under Fed. R. Evid. 403. Defendant contends that the conversation will not aid the jury because the Government does not need the statement to show that Cornelius knew the dangerousness of the situation; other evidence introduced by the Government at the first trial established that Cornelius knew how dangerous the situation was much earlier in the day. Instead, what the conversation does "is get the testimony of a 'contract' before the jury," Defendant argues. (Doc. # 590; Brief in Support of Reply at 2). As to the Government's Fed. R. Evid. 803(3) argument, Defendant says RR's state of mind has no relevance because RR's "statement doesn't go towards proving [RR] acted in accordance with what he said." (*Id.* at 3).

The Court finds that the conversation, and particularly RR's statements about his plan to hurt someone and execute a contract, is admissible under Rule 803(3). Under that rule, statements of a declarant's "then existing state of mind, emotion, sensation, or physical condition (such as intent, plan, motive, design, mental feeling, pain, and bodily health)" are not excluded by the hearsay rule. FED. R. EVID. 803(3). RR's non-testimonial statements of future intent to go to Detroit, hurt someone, and execute a contract are within the parameters of the exception. *See*, *e.g.*, *United States v. Dorman*, Nos. 02-5127, 02-5182, 108 Fed.Appx. 228, 2004 WL 1661993, at *14 (6th Cir. 2004) (declarant's statement to his former roommate that he was going to "do a job for his uncle" in Alabama established declarant's intent to commit murder for hire and

was subject to the hearsay exception found in Fed. R. Evid. 803(3)).

Further, the statements are relevant to issues involved in Defendant's trial, even though they are not relevant to prove that the declarant acted in a particular way. The fact that RR planned to go to Detroit and hurt someone, presumably Day, by executing a contract, because Day did something to his friend, presumably West, is probative evidence of a conspiracy to commit murder for hire where Defendant did the hiring. *See*, *e.g.*, *Coy v. Renico*, 414 F.Supp.2d 744, 764 (E.D. Mich. 2006) ("Petitioner cannot show that he was denied a fair trial by the admission of this evidence, because the evidence was properly admitted under state law and was relevant to the issues involved in the trial. As the Michigan Court of Appeals explained, contrary to petitioner's argument relevant state of mind evidence is admissible under Rule 803(3) even if the declarant's state of mind itself is not at issue in the case.").

While the Court agrees that the conversation is prejudicial to Defendant--virtually all relevant evidence against a defendant is prejudicial to the defendant–it is not unduly or unfairly so. FED. R. EVID. 403 ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of *unfair* prejudice....") (emphasis added). The evidence does not appeal to the jurors' sympathies, evoke horror, or otherwise suggest to them that they should punish the Defendant for a reason other than his commission of the crime charged. *See*, *e.g.*, *Costantino v. Herzog*, 203 F.3d 164, 174 (2d Cir. 2000) ("Because virtually all evidence is prejudicial to one party or another, to justify exclusion under Rule 403 the prejudice must be *unfair*. (Citation omitted). The unfairness contemplated involves some adverse effect beyond tending to prove a fact or issue that justifies admission.") (emphasis in original); *Carter v. Hewitt*,

617 F.2d 961, 972 (3d Cir. 1980) ("[Evidence] is unfairly prejudicial if it 'appeals to the jury's sympathies, arouses its sense of horror, provokes an instinct to punish,' or otherwise 'may cause a jury to base its decision on something other than the established propositions in the case.'" (quoting 1 J. Weinstein & M. Berger, Weinstein's Evidence P 403(03), at 403-17 (1978))); FED. R. EVID. 403 Advisory Committee's Notes ("'Unfair prejudice' with its context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.").

Moreover, the high probative value of the evidence is not substantially outweighed by the danger of prejudice to Defendant. *United States v. Davis*, 792 F.2d 1299, 1305 n. 5 (5th Cir. 1986) (under Fed. R. Evid. 403 unfair prejudice must substantially outweigh the probative value of the evidence).

Defendant's Motion In Limine is **DENIED**.

**IT IS ORDERED.**

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: March 31, 2011

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on March 31, 2011.

s/Carol A. Pinegar
Deputy Clerk