UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,        CASE NUMBER: 06-20185
                                   HONORABLE VICTORIA A. ROBERTS

v.

D-1    ROY WEST,

        Defendant.
                                                     /

**ORDER DENYING MOTION FOR NEW TRIAL (DOC. # 780)**

On April 15, 2011, a jury found Roy West guilty of Conspiracy to Use Interstate Commerce Facilities in the Commission of Murder for Hire of Leonard Day, in violation of 18 U.S.C. 1958. West appealed his conviction; and, on August 1, 2013, the Sixth Circuit issued its opinion affirming.

On September 13, 2013, the Sixth Circuit reversed the conviction of West's alleged co-conspirator, Marcus Lamont Freeman. The Court of Appeals held that this Court erred in allowing the lay testimony of Agent Lucas. *United States v. Freeman*, No. 11-1798, 2013 U.S. App. LEXIS 18976 (6th Cir. 2013).

On February 26, 2014, West filed a motion for a new trial under Rule 33(b)(2) of the Federal Rules of Criminal Procedure; he contends that he possesses newly discovered evidence and his counsel was ineffective for not raising the issues presented in *Freeman*. West says the *Freeman* decision guarantees him a new trial.

The Government correctly argues that West's motion based on ineffective

1

assistance of counsel is time barred. West was convicted on April 15, 2011. Rule 33(b)(2) of the Federal Rules of Criminal Procedure provides "[a]ny motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty . . . [a]ny motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty." Fed. R. Crim. P. 33.

West had 14 days from April, 15, 2011, to raise his ineffective assistance of counsel claim. He raised it nearly three years later.

Even if the Court starts his time from the date his appeal brief was filed, this claim would still be time barred. His appeal brief was filed on December 3, 2012; it made no mention of prejudicial lay testimony. More than a year had passed by the time West filed his motion.

Starting the time from the issuance of the *Freeman* opinion yields the same results. The Sixth Circuit issued its *Freeman* opinion on August 1, 2013. West did not file this motion until February, 2014; roughly six months after the Sixth Circuit ruled. West presents no good reason why he waited.

Relief based on ineffective assistance of counsel for failing to raise the *Freeman* issues, is denied as untimely. West sought relief for this claim under Rule 33; the real vehicle for relief is to file a timely 28 U.S.C. § 2255, a habeas petition.

While West's motion to vacate grounded on newly discovered evidence is timely, his arguments do not warrant relief.

West's new evidence is: (1) the government failed to disclose that it promised not to prosecute Alvino Cornelius for harboring a fugitive and for obstruction of justice if

Cornelius testified against West and (2) that Michael Bracey said that he planned to testify falsely against West in order to receive a sentencing reduction.

The Sixth Circuit requires West to establish that "(1) the new evidence was discovered after the trial; (2) the evidence could not have been discovered earlier with due diligence; (3) the evidence is material and not merely cumulative or impeaching; and (4) the evidence would likely produce acquittal. *United States v. Seago*, 930 F.2d 482, 488 (6th Cir. 1991). West's new evidence does not meet these factors.

West has no knowledge that the Government made an agreement with Cornelius; the Government denies that it did. He bases his conclusion on the fact that Cornelius was not prosecuted. The fact that Cornelius was not prosecuted is not new evidence; this was known to West during his trial. This argument fails.

West's new evidence relating to Bracey's testimony fails; even without Bracey's testimony, West's conviction could stand. "Circumstantial evidence alone is sufficient to sustain a conviction and such evidence need not remove every reasonable hypothesis except that of guilt." *United States v. Kelley*, 461 F.3d 817, 825 (6th Cir. 2006). As the Sixth Circuit held on appeal "The government's phone recordings included conversations in which West discussed payments and dollar amounts with Freeman and Scott, including a call minutes after Day's death. These calls provided strong circumstantial evidence that West was guilty of making an agreement to pay for Day's murder." *United States v. West*, 534 Fed. Appx. 280, 286 (6th Cir. 2013).

West's motion to vacate based on this newly discovered evidence is denied.

**IT IS ORDERED.**

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  June 27, 2014

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on June 27, 2014.

S/Carol A. Pinegar
Deputy Clerk