UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF MERICA

    Plaintiff/Respondent,

v.

D-1 ROY WEST

    Defendant/Petitioner.
_____/

CASE NO.: 06-20185
HON. VICTORIA A. ROBERTS

## ORDER DENYING PETITIONER'S MOTION FOR DISCOVERY PURSUANT TO RULE 6 (ECF No. 854).

**I.  INTRODUCTION**

Before the Court is Roy Christopher West's ("West") Motion for Discovery Pursuant to Rule 6 (the "Motion"). It is **DENIED**.

**II.  BACKGROUND**

A jury convicted West of conspiracy to use interstate facilities in the commission of a murder for hire, in violation of 18 U.S.C. §1958. West received a sentence of life without the possibility of parole. The Sixth Circuit Court of Appeals affirmed his conviction; his petition for *writ of certiorari* was denied. West files a motion pursuant to 28 U.S.C. §2255 to vacate, set aside or correct his sentence, an affidavit and an amendment to that motion. While West's §2255 motion was pending, he filed this Motion.

West asks for discovery of various materials, including his attorney's work product, the pretrial investigator's notes, and the deceased's medical records. West says he needs these materials to argue that his trial and appellate counsel rendered ineffective assistance of counsel in support of his §2255 motion.

1

### III.     ANALYSIS

Under Rule 6(a) of the Rules Governing Section 2255 Proceedings, "A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principals of law." Rule 6 28 U.S.C. § 2255. "Good cause is established where specific allegations… show reason to believe that [the movant] may, if the facts are fully developed, be able to demonstrate entitlement to relief." *Cornell v United States,* 472 F.App'x. 352, 354 (6th Cir. 2013) quoting *Bracy v. Gramley*, 520 U.S. 899, 908-99 (1997), quoting *Harris v. Nelson*, 394 U.S. 286, 300 (1969).

West does not demonstrate good cause. The rule requires West to make specific allegations demonstrating his entitlement to relief. Instead, West offers general, hypothetical, and abstract assertions. For example, West asserts that he needs his appellate counsel's notes and discussion to "establish prejudice during the appeal stage." Mot. for Disc. 4, ECF No. 854. Additionally, West asks for the notes of his trial counsel and the pretrial investigator counsel because they "may establish prejudice as well," based on a theory that "counsel could have failed West during the pretrial stages by conducting no pretrial investigation of important witnesses that were at the scene f [sic] of the crime that may have seen the actual killer." *Id.* However, West did not show with any specificity why any of those requested materials show prejudice, or whether they could ""resolve any factual disputes that could entitle him to relief." *Williams v. Bagley*, 380 F.3d 932, 975 (6th Cir. 2004) (citation omitted) quoting *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001).

Finally, West asks for the deceased victim's medical records to verify whether the victim died because of medical malpractice. *Id.* at 4–5. But, West does not discuss how that fact would help his case. Indeed, a conviction for conspiracy to use interstate facilities in the commission of a murder for hire does not require a showing that death was caused by the defendant. *See* 18 U.S.C. §1958.

The Court is not prepared to aid West in a fishing expedition based on conclusory allegations, at the expense of the public and the judicial system. *See Williams,* 380 F.3d at 976. Nor is the Court convinced, based on West's assertions, that if facts were more fully developed, he would be able to demonstrate entitlement to relief. *See Harris v. Nelson,* 394 U.S. 286, 300 (1969).

West fails to meet his burden to show good cause for discovery.

## IV. CONCLUSION

West's Motion for Discovery Pursuant to Rule 6 is **DENIED**.

**IT IS ORDERED.**

                                    S/Victoria A. Roberts
                                    Victoria A. Roberts
                                    United States District Judge

Dated: January 13, 2017

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on January 13, 2017.

s/Linda Vertriest
Deputy Clerk

3