UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.                                              Case No. 06-20185
                                                  Honorable Victoria A. Roberts

ROY CHRISTOPHER WEST,

    Defendant/Petitioner.
_____/

**ORDER DENYING DEFENDANT'S:**
**MOTIONS FOR RECONSIDERATION OF (1) MOTION TO VACATE SENTENCE**
**[DOC. # 925], (2) MOTION FOR DISCOVERY [DOC. # 926], (3) AND MOTION FOR**
**LEAVE [DOC. # 927]**

**I.    Introduction**

On April 15, 2011, a jury convicted Roy West ("West") of conspiracy to use interstate facilities in the commission of a murder for hire, in violation of 18 U.S.C. § 1958. West received a sentence of life imprisonment without the possibility of parole. The United States Court of Appeals for the Sixth Circuit affirmed his conviction; his petition for *writ of certiorari* was denied.

Subsequently, West filed a pro se motion under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. While his §2255 motion was pending, West filed a motion for leave pursuant to Rule 15 to file a pre-judgment amendment to the pending §2255 Motion based on newly discovered evidence of perjury. West also filed a motion for discovery, pursuant to Rule 6 of the Rules Governing §2255 Proceedings, seeking trial and appellate counsels' personal notes, the pretrial investigator's notes, and medical records relating to Leonard Day's ("Day") death. The Court denied all three motions.

1

West now moves for the Court to reconsider its denial of each of his motions pursuant to Eastern District of Michigan Local Rule 7.1(h)(3).

West fails to demonstrate a palpable defect, the correction of which will result in a different disposition of his motions. These motions for reconsideration are denied.

## II. Background

In November 2005, the Federal Bureau of Investigation ("FBI") began wiretapping cellular phone conversations of several individuals, including West (also known as "Buck") as part of a drug investigation. From listening to various phone conversations between the subjects, the FBI learned that Day, who also was known as "Buck," had stolen about $100,000 in cash, $250,000 in jewelry, a gun, and car keys from West while staying at West's home in Ohio. With assistance from Christopher Scott ("Scott") and Marcus Freeman ("Freeman"), West launched a search for Day. In December 2005, Day was shot and killed while leaving a house in Detroit.

West, Freeman, and Scott were charged with and convicted of crimes related to Day's death. The Sixth Circuit reversed Freeman's conviction, holding that the trial court erroneously admitted improper lay testimony of FBI Agent Peter Lucas, a Government witness. *United States v. Freeman*, 730 F.3d 590 (6th Cir. 2013). The trial court vacated Scott's conviction following the *Freeman* decision; Scott's motion for a new trial was granted. West filed a motion under 28 U.S.C. § 2255 requesting that the Court vacate, set, aside or correct his sentence. West then filed a motion for leave pursuant to Rule 15 to file a pre-judgment amendment to the pending §2255 Motion based on newly discovered evidence of perjury. West also filed a motion for discovery, pursuant to Rule 6 of the Rules Governing §2255 Proceedings, seeking trial and appellate counsels'

personal notes, the pretrial investigator's notes, and medical records relating to Day's death. The Court denied all three of West's motions.

West now moves pursuant to Local Rule 7.1(h)(3) for reconsideration of this Court's decisions on all of his motions. West says the Court erred by: (1) finding that appellate counsel's failure to raise an issue of an unpreserved jury instruction did not render her ineffective; (2) concluding that trial counsel's failure to investigate three potential witnesses or otherwise prepare for trial did not result in prejudice within the meaning of *Strickland v. Washington*, 466 U.S. 668, 691 (1984); (3) holding that trial counsel did seek a court ruling concerning the impact of a wiretap authorization; (4) finding that the proposed amendment to the §2255 petition, based on newly discovered evidence of perjury, did not relate back to West's §2255 Motion and was thus time-barred under Fed. R. Civ. P. 15(c)(2); and (5) applying the wrong standard in denying his motion for discovery.

West contends that these errors are palpable defects by which the Court has been misled, that if corrected, will result in a different disposition of his motions. The Court disagrees.

### III. Standard of Review

Local Rule 7.1(h)(3) provides the Court's standard of review for a motion for reconsideration:

> "Generally, and without restricting the court's discretion, the court will not grant motions for ... reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case."

E.D. Mich. LR 7.1(h)(3). Palpable defects are those which are "obvious, clear, unmistakable, manifest or plain." *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002). "It is an exception to the norm for the Court to grant a motion for reconsideration." *Maiberger v. City of Livonia*, 724 F. Supp. 2d 759, 780 (E.D. Mich. 2010). "[A]bsent a significant error that changes the outcome of a ruling on a motion, the Court will not provide a party with an opportunity to relitigate issues already decided." *Id*.

IV. <u>**Analysis**</u>

    **A. Motion To Reconsider Order Denying Motion To Vacate Sentencing**

        **i. The Court Did Not Err In Finding That Appellate Counsel's Failure To Raise The Issue Of An Unpreserved Jury Instruction Did Not Render Her Ineffective.**

West argues that any time counsel fails to raise an issue on appeal that the defendant later wishes to raise in a §2255 motion, she has "clearly" failed to provide effective counsel. West is wrong; the standard under *Strickland* requires that a petitioner establish both that his lawyer made an error "so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment," and that there is a reasonable probability that the result of the proceeding would have been different but for counsel's error. *Jones v. Bell*, 801 F.3d 556, 562-63 (6th Cir. 2015) (quoting *Strickland*, 466 U.S. at 687, 694).

The Court addressed this same issue - applying the proper *Strickland* standard - in its opinion denying West's §2255 motion:

> "[t]he performance of West's appellate counsel did not fall below an objective standard of reasonableness. 'The question is whether an attorney's representation amounted to incompetence under prevailing professional norms, not whether it deviated from best practices or most common custom.' *Harrington v. Richter*, 562 U.S. 86, 105 (2011) (quoting *Strickland*, 466 U.S., at 690) … . In this case, West's appellate attorney, by

4

winnowing out the arguments that she reasonably believed to be weaker on appeal and by focusing on those more likely to prevail, effectively provided West with assistance of appellate counsel."

[Doc. 923, PgID 12297-8]. West fails to meet his burden under 7.1(h)(3).

### ii. The Court Did Not Err In Concluding That Trial Counsel's Failure To Investigate Three Potential Witnesses Or Otherwise Prepare For Trial Did Not Result In Prejudice Within The Meaning Of *Strickland v. Washington*.

West argues that his trial lawyer's failure to investigate three potential witnesses, or otherwise prepare for trial, resulted in ineffective assistance of counsel and prejudiced him within the meaning of *Strickland*. *Strickland* instructs that "[i]n any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." *Strickland*, 466 U.S. at 691.

The Court addressed this same issue in its order denying West's §2255 motion:

> "[d]efense counsel must conduct a reasonable investigation into the facts of a defendant's case or make a reasonable determination that such investigation is unnecessary. *See Wiggins v. Smith*, 539 U.S. 510, 522-23 (2003). To sufficiently plead ineffective assistance of counsel for failure to investigate, a defendant must show that the lack of investigation 'actually had an adverse effect on the defense.' *See Strickland*, 466 U.S. at 693. West fails to sustain his burden. West fails to prove that trial counsel's failure prejudiced him within the meaning of *Strickland*."

[Doc. 923, PgID 12300]. West fails to demonstrate a palpable defect by which the Court had been misled, that if corrected, would result in a different disposition of the case.

### iii. The Court Did Not Err In Holding That Trial Counsel Did Not Fail To Seek A Court Ruling Concerning The Impact Of A Wiretap Authorization.

West argues that his attorney's failure "to seek a court ruling" on the effect of the Ohio wiretap authorization amounted to ineffective assistance of counsel.

5

The Court addressed and rejected this claim. [Doc. 923, PgID 12302]. West's attorney filed a motion to suppress that challenged the wiretap authorization, and the Court ruled on West's challenges in an order dated November 30, 2009. The predicate for this argument for reconsideration is factually incorrect.

**B. Motion To Reconsider Order Denying Motion For Leave**

**i. The Court Did Not Err in Finding That West's Proposed Amended Issue Based On Newly Discovered Evidence Of Perjury Did Not Relate Back To His §2255 Motion.**

West argues that his proposed amendment, a claim of newly discovered perjured evidence, shares a common core of operative facts with the claims in his §2255 motion, and required the Court to grant him leave to amend his §2255 motion to add a new claim after the statute of limitations had expired.

A motion to amend a §2255 motion is governed by Fed. R. Civ. P. 15. *See* 28 U.S.C. §2242. Per Fed. R. Civ. P. 15(a)(2), a court should "freely give leave" to amend "when justice so requires." "Decisions as to when justice requires amendment are left to the sound discretion of the trial judge." *Robinson v. Michigan Consol. Gas Co. Inc.*, 918 F.2d 579, 591 (6th Cir. 1990). However, leave to amend should "be denied when the amendment would be futile." *Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 633 (6th Cir. 2009) (quoting *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)). The Sixth Circuit held that an attempt to amend a §2255 motion is futile if it is barred by the one-year statute of limitations of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. §2255(f)(1). *See Oleson v. United States*, 27 Fed. Appx. 566, 570 (6th Cir. 2001) (holding that a motion to amend was futile because it was barred by the AEDPA one-year statute of limitations).

West concedes that his proposed amendment was time-barred, which requires that his motion be denied unless the proposed amendment relates back to the original pleading—his §2255 motion to vacate—within the meaning of Fed. R. Civ. P. 15(c)(2). "Rule 15(c)(2) relaxes, but does not obliterate, the statute of limitations; hence relation back depends on the existence of a common 'core of operative facts' uniting the original and newly asserted claims." *Mayle v. Felix*, 545 U.S. 644, 659 (2005). An amendment that "asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth" does not relate back. *Id.* at 650.

The Court addressed this same issue in its order denying West's motion, and held:

> "This Amendment is unrelated to both West's 2255 motion and supplemental pleadings, and arises out of a completely different set of facts than the previously raised claims. This Amendment arises out Bracey's perjured testimony in the second trial of West's co-defendant Christopher Scott, which is entirely separated from West's trial. West's previously raised claims—two claims of insufficiency of evidence to convict him; one claim of trial court's error in the admission of both fact and lay testimony by Agent Lucas; and seven claims of ineffective assistance of trial and appellate counsels—all arise out of West's trial and directly relate to his conviction. Because the Amendment does not share any similarities in time or place, nor does it clarify any of West's original claims, West's amendment does not relate back and is barred by the statute of limitations."

[Doc. 922, PgID 12287]. The Court properly denied West's motion for leave.

### C. Motion To Reconsider Order Denying Motion For Discovery

#### i. The Court Did Not Err In Denying West's Motion For Discovery.

West argues that he demonstrated good cause sufficient to establish that discovery of requested items was appropriate under the rules of procedure governing § 2255 proceedings.

Not only does West erroneously rely on the wrong rule (comment to Rule 6 of §2254, instead of the comment to Rule 6 of §2255), he also incorrectly argues that the

7

good cause requirement can be met simply by specifying items sought. But good cause requires specificity concerning *allegations* that support a claim for relief. Rule 6 of §2255, not merely a listing of the items sought.

> The Court addressed this issue in its order denying West's motion:
>
> "West does not demonstrate good cause. The rule requires West to make specific allegations demonstrating his entitlement to relief. Instead, West offers general, hypothetical, and abstract assertions … . West did not show with any specificity why any of those requested materials show prejudice, or whether they 'could resolve any factual disputes that could entitle him to relief.' *Williams v. Bagley,* 380 F.3d 932, 975 (6th Cir. 2004) quoting *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001) … . The Court is not prepared to aid West in a fishing expedition based on conclusory allegations, at the expense of the public and the judicial system."

[Doc. 921, PgID 12281-2]. The Court did not err in denying West's motion for discovery.

## V. <u>Certificate of Appealability</u>

Before West may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying that standard, the Court may not conduct a full merits review; it must limit its examination to a threshold inquiry into the underlying merit of the

petitioner's claims. *Id.* at 336-37. The Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

The Court concludes that West failed to make a substantial showing of the denial of a constitutional right. Accordingly, a certificate of appealability is not warranted.

Finally, the Court finds that West should not be granted leave to proceed *in forma pauperis* on appeal; any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

## VI. Conclusion

West's motions for reconsideration of the Court's denial of his motion to vacate sentence, motion for leave, and motion for discovery are denied. They merely present "the same issues ruled upon by the court, either expressly or by reasonable implication." Nor has West identified any palpable defects that, if corrected, would result in a different outcome. Local Rule 7.1(h)(3), E.D. Mich. LR 7.1(h)(3), is not satisfied.

West's motions are **DENIED**.

Moreover, as set forth above, West is not entitled to a certificate of appealability, and he should not be granted leave to appeal *in forma pauperis*.

**IT IS ORDERED.**

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: April 3, 2018

> The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on April 3, 2018.
>
> s/Linda Vertriest
> Deputy Clerk