# UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | 100 EAST FIFTH STREET, ROOM 540 | |
|---|---|---|
| Deborah S. Hunt | POTTER STEWART U.S. COURTHOUSE | Tel. (513) 564-7000 |
| Clerk | CINCINNATI, OHIO 45202-3988 | www.ca6.uscourts.gov |

Filed: October 28, 2020

Ms. Dawn N. Ison
United States Attorney's Office
211 W. Fort Street
Suite 2001
Detroit, MI 48226

Mr. Roy Christopher West
U.S.P. Thomson
P.O. Box 1002
Thomson, IL 61285

Re: Case No. 20-1253, *In re: Roy West*
Originating Case No. : 2:14-cv-14748 : 2:06-cr-20185-1

Dear Sir or Madam,

The Court issued the enclosed Order today in this case.

Sincerely yours,

s/C. Anthony Milton
Case Manager
Direct Dial No. 513-564-7026

cc: Mr. David J. Weaver

Enclosure

No mandate to issue

No. 20-1253

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Oct 28, 2020
DEBORAH S. HUNT, Clerk

In re: ROY CHRISTOPHER WEST,

Movant.

O R D E R

Before: McKEAGUE, DONALD, and READLER, Circuit Judges.

Roy Christopher West, a federal prisoner proceeding *pro se*, moves this Court for an order authorizing the district court to consider a second or successive motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. *See* 28 U.S.C. §§ 2244(b), 2255(h). The government opposes the motion.

A jury convicted West of conspiring to use interstate commerce facilities in the commission of a murder-for-hire, in violation of 18 U.S.C. § 1958. The district court sentenced him to life imprisonment. This court affirmed. *United States v. West*, No. 11-2080 (6th Cir. Aug. 1, 2013) (order).

West filed a § 2255 motion, which the district court denied. This Court denied West a certificate of appealability. *West v. United States*, No. 18-1441 (6th Cir. Sept. 11, 2018) (order).

West has filed a motion and corrected motion for authorization to file a second or successive § 2255 motion, arguing that his conviction for violating § 1958 does not qualify as a crime of violence under 18 U.S.C. § 924(c)(3)(B) in light of the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019), which held that § 924(c)(3)(B)'s "residual clause" is unconstitutionally vague. He also relies on the Court's decisions in *Sessions v. Dimaya*, 138 S. Ct. 1204, 1224 (2018) (invalidating the "residual clause" of 18 U.S.C. § 16(b)), and *Johnson*

*v. United States*, 576 U.S. 591, 597 (2015) (invalidating the "residual clause" of the Armed Career Criminal Act, 18 U.S.C. § 924(e)).

Before we may grant a request to file a second or successive § 2255 motion, a movant must make a prima facie showing that the movant's proposed claims rely on:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); *see also* 28 U.S.C. § 2244(b)(3)(C).

West's motion does not satisfy either of these requirements. First, West does not purport to rely on newly discovered evidence. *See* 28 U.S.C. § 2255(h)(1). Second, West's reliance upon *Davis*, *Dimaya*, and *Johnson* is misplaced because none of those cases addressed the constitutionality of § 1958, the statute under which West was convicted. Indeed, that statute does not contain a "residual clause." And West was not convicted of violating 18 U.S.C. § 924(c), the statute affected by *Davis*.

Accordingly, West's application for authorization to file a second or successive § 2255 motion to vacate his sentence is **DENIED**.

                                       ENTERED BY ORDER OF THE COURT

                                       Deborah S. Hunt, Clerk