UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

United States of America,

    Plaintiff,

                                         Case No. 06-20185
v.                                       Hon. Victoria A. Roberts

Roy Christopher West,

    Defendant.
_____/

**Motion to Transfer to the Sixth Circuit [ECF No. 979]**
**West's Motion for Relief from Judgment or for a**
**Writ of Coram Nobis or Habeas Corpus**

## Issue

West challenges his life sentence as unconstitutional under *Apprendi*. Should West's motion be transferred to the Sixth Circuit because the motion, although captioned otherwise, is a second or successive § 2255 motion that this Court lacks jurisdiction to consider without appellate preauthorization?

## Controlling or Most Appropriate Authority

*Gonzalez v. Crosby*, 454 U.S. 524 (2005)

*Pilla v. United States*, 668 F.3d 368 (6th Cir. 2012)

*In re Nailor*, 487 F.3d 1018 (6th Cir. 2007)

*Charles v. Chandler*, 180 F.3d 753 (6th Cir. 1999)

*In re Sims*, 111 F.3d 45 (6th Cir. 1997)

## Facts

West was convicted of a murder-for-hire conspiracy and was sentenced to life in prison. The Sixth Circuit affirmed. *United States v. West*, 534 F. App'x 280 (6th Cir. 2013). A few years later, this Court denied West's § 2255 motion, rejecting his arguments on the merits. *United States v. West*, 2017 WL 130286 (E.D. Mich. Jan. 13, 2017). West sought to appeal that ruling, but the Sixth Circuit denied his request for a certificate of appealability. *West v. United States*, Case No. 18-1441 (6th Cir. Sept. 18, 2018) (order). The Sixth Circuit also denied his petition to authorize a second or successive § 2255 motion to add another claim. *In re West*, Case No. 20-1253 (6th Cir. Oct. 28, 2020) (order).

Most recently, West sought compassionate release, arguing for the first time that an *Apprendi* error in the jury instructions rendered his life sentence illegal. (ECF No. 696: Motion for Compassionate Release, PgID.12784–12809). This Court granted that motion and reduced West's sentence to time served. (ECF No. 973: Release Order, PgID.12923–43). On appeal, the Sixth Circuit reversed because compassionate release cannot be used as an end run around the

3

requirements of § 2255. *United States v. West*, 70 F.4th 341 (6th Cir. 2023). "Because § 2255 provides a specific, comprehensive statutory scheme for post-conviction relief, any attempt to attack a prisoner's sentence or conviction must abide by its procedural strictures." *Id.*

A few weeks later, West filed the instant motion, again challenging "his unconstitutional and illegal imprisonment." (ECF No. 979: Rule 60(b) Motion, PgID.12965–99). He styled his motion as seeking relief from judgment under Rule 60(b), for a writ of coram nobis, or for a writ of habeas corpus under 28 U.S.C. § 2241.

The government sought concurrence in the relief requested by speaking with opposing counsel by phone regarding the specific issue it planned to raise in this motion. Opposing counsel did not concur.

## Argument

Just as West cannot use compassionate release to bypass the requirements of § 2255, he cannot use other mechanisms to do so either. West's *Apprendi* claim is, in reality, a second or successive § 2255 motion, and this Court lacks jurisdiction to consider it without preauthorization from the Sixth Circuit. *Franklin v. Jenkins*, 839 F.3d

4

465, 473 (6th Cir. 2016). His motion should therefore be transferred to the Sixth Circuit. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

Given the jurisdictional consequences, whether a motion falls within § 2255(a) is a "threshold inquiry." *Franklin*, 839 F.3d at 473 (citing *Gonzalez v. Crosby*, 454 U.S. 524 (2005)). That threshold inquiry does not hinge on the prisoner's labeling of the motion. "If, in substance, a claim falls within the scope of § 2255(a), it should be treated as such regardless of any 'inventive captioning' by the prisoner." *Pilla v. United States*, 668 F.3d 368, 372 (6th Cir. 2012).

A prisoner's claim that he is entitled to release because his "sentence was imposed in violation of the Constitution or the laws of the United States" or "was in excess of the maximum authorized by law" falls expressly within the scope of § 2255(a). And that is precisely what West is claiming here—that he "is currently serving an illegal and unconstitutional life sentence" that exceeds "the maximum sentence of ten years." (ECF No. 979: Rule 60(b) Motion, PgID.12983). Those challenges are not directed at the integrity of his original § 2255 proceedings because they do not attack a non-merits defect in the resolution of his earlier motion. *Gonzalez*, 545 U.S. at 532.

Because West's current challenge to the legality of his sentence was not raised in his original § 2255 proceedings, his motion is merely an attempt "to add a new ground" to vacate, set aside, or correct his sentence. *Id*. Therefore, it is properly construed as a second or successive § 2255 motion. *In re Nailor*, 487 F.3d 1018, 1023 (6th Cir. 2007). This Court lacks jurisdiction to consider a second or successive § 2255 motion without preauthorization, and the motion should be transferred to the Sixth Circuit under 28 U.S.C. § 1631. *In re Sims*, 111 F.3d at 47.

Disguised § 2255 motions are often styled as requests for relief from judgment under Rule 60(b). In *In re Nailor*, much like in this case, the prisoner argued in a motion brought under Rule 60(b) that the indictment did not allege 50 grams or more of crack, so he "should not have been sentenced to a mandatory term of life in prison." *Nailor,* 487 F.3d at 1021. As the Sixth Circuit explained, regardless of whether this argument attacked the district court's denial of the prisoner's initial § 2255 motion or raised a new claim for relief, the district court correctly construed the Rule 60(b) motion for what it was—a § 2255 motion by another name. *Id*. at 1023.

6

The same is true when the relief requested is a writ of coram nobis or a writ of habeas corpus, or when any other type of creative pleading is used. *See, e.g., Pilla*, 668 F.3d at 372 (petition for writ of coram nobis); *Charles v. Chandler*, 180 F.3d 753, 757–58 (6th Cir. 1999) (petition under § 2241); *Genoa v. Hemingway*, 14 F. App'x 300, 301 (6th Cir. 2001). "Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference." *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004).

## Conclusion

Because the Court lacks jurisdiction to consider West's motion without the Sixth Circuit's preauthorization, West's motion should be transferred to the Sixth Circuit.

Respectfully submitted,

Dawn N. Ison
United States Attorney

s/ Jessica V. Currie
Jessica V. Currie
Assistant U.S. Attorney
211 West Fort Street, Suite 2001
Detroit, MI  48226
(313) 226-9531

Dated: June 29, 2023          jessica.currie@usdoj.gov

## Certificate of Service

I certify that on June 29, 2023, I electronically filed the foregoing document with the Clerk of the Court for the Eastern District of Michigan using the ECF system, which will send notification of the filing to all users of record.

s/ Jessica V. Currie
Assistant U.S. Attorney
