UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**,

      Plaintiff,

                        File No. **06-20185**

-vs-

                        Honorable **Victoria A. Roberts**

**ROY WEST**,

      Defendant.

| | |
|---|---|
| **JESSICA V. CURRIE (P74213)**<br>Assistant U.S. Attorney<br>211 W. Fort Street, Suite 2001<br>Detroit, Michigan 48226<br>Phone: (313) 226-9531<br>Email: jessica.currie@usdoj.gov | **CRAIG A. DALY P.C. (P27539)**<br>Attorney for Defendant Roy West<br>P.O. Box 720<br>Royal Oak, Michigan 48068<br>Phone:  (248) 439-0132<br>Email: 4bestdefense@sbcglobal.net |

## AMENDED EXPEDITED MOTION FOR RELIEF FROM JUDGMENT UNDER FEDERAL RULE OF CIVIL PROCEDURE 60(b) AND (d)

ROY WEST (West) by his attorney, CRAIG A. DALY, P.C., moves this Court to relieve him from this Court's order denying his motion to vacate his sentence under 28 U.S.C. §2255 (Order, ECF No. 922), and then set aside his judgment of his unconstitutional illegal sentence and grant him time served by way of a Motion for Relief from Judgment under Federal Rule of Civil Procedure 60(b) and (d) for the reasons set forth in the attached Brief.

Respectfully submitted,

/s/ *Craig A. Daly*

**CRAIG A. DALY, P.C. (P27539)**
Attorney for Defendant Roy West
P.O. Box 720
Royal Oak, Michigan 48068
Phone: (248) 439-0132
Email: 4bestdefense@sbcglobal.net

Dated:  July 16, 2023

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**,

    Plaintiff,

                                File No. **06-20185**

-vs-

                                Honorable **Victoria A. Roberts**

**ROY WEST**,

    Defendant.

| | |
|---|---|
| **JESSICA V. CURRIE (P74213)** | **CRAIG A. DALY P.C. (P27539)** |
| Assistant U.S. Attorney | Attorney for Defendant Roy West |
| 211 W. Fort Street, Suite 2001 | P.O. Box 720 |
| Detroit, Michigan 48226 | Royal Oak, Michigan 48068 |
| Phone: (313) 226-9531 | Phone: (248) 439-0132 |
| Email: jessica.currie@usdoj.gov | Email: 4bestdefense@sbcglobal.net |

**BRIEF IN SUPPORT OF AMENDED EXPEDITED
MOTION FOR RELIEF FROM  JUDGMENT UNDER
FEDERAL RULE OF CIVIL PROCEDURE 60(b) AND (d)**

## <u>TABLE OF CONTENTS</u>

<u>**Page**</u>

INDEX OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  ii-iv

STATEMENT OF ISSUES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  v

STATEMENT OF CONTROLLING AUTHORITY. . . . . . . . . . . . . . . . . . . . .  v

STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

ARGUMENT.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8

      **I.**    **DEFENDANT WEST IS ENTITLED TO RELIEF UNDER FED. R. CIVIL PRO. 60(b)(6)**. . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8

      **II.**   **WEST IS ENTITLED TO RELIEF UNDER RULE 60(b)(4) AND (5) IF THE COURT FINDS 60(b)(6) DOES NOT APPLY**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  15

      **III.**  **WEST IS ENTITLED TO RELIEF UNDER RULE 60(d)**. . . . .  19

      **IV.**  **THE COURT SHOULD VACATE THE ILLEGAL AND UNCONSTITUTIONAL LIFE SENTENCE PURSUANT TO 28 U.S.C. §2255**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  22

RELIEF SOUGHT.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  24

# <u>TABLE OF AUTHORITIES</u>

**Page**

## FEDERAL CASES

*Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). . . . . . . . . . . . . . . . . . . . . . . . 22

*Barrett v. Sec'y of Health & Human Servs.*, 840 F.2d 1259, 1263
    (6th Cir. 1987). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

*Brown v. Davenport*, 142 S. Ct. 1510 (2022). . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Buck v. Davis*, 137 S. Ct. 759, 778 (2017). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Burrage v. United States*, 571 U.S. 204, 2101 (2014). . . . . . . . . . . . . . . . . . . . . 22

*Carter v. Anderson*, 585 F.3d 1007, 1011-12 (6th Cir. 2009). . . . . . . . . . . . . . . 21

*Computer Leasco v. NTP Inc.*, 194 Fed. App'x. 328, 334 (6th Cir. 2006). . . . . . . 19

*Demjanjuk v. Petrovsky*, 10 F.3d 338 (6th Cir. 1993). . . . . . . . . . . . . . . . . . . . . . 11

*Gen. Medicine P.C. v. Horizon/CMS Health Corp.*,
    475 F. App'x 65, 71 (6th Cir. 2012). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005).. . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Harlan v. McGourin*, 218 U.S. 442, 450 (1910). . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 244 (1944). . . . . . 19

*Henness v. Bagley*, 766 F.3d 550, 552-553 (6th Cir. 2014). . . . . . . . . . . . . . . . . . . 8

*Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). . . . . . . . . . . . . . . . . . . . . . . . . . 24

*H.K. Porter Co. Inc. v. Goodyear Tire and Rubber*,
    536 F.2d 1115 (6th Cir. 1976). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989). . 9

**Page**

*Hord v. Environmental Research Institute*, 617 NW 2d 543, 550 (Mich 2000). . 11

*In Re Nailor*, 487 F.3d 1018, 1022-23 (6th Cir. 2007). . . . . . . . . . . . . . . . . . . . . . 9

*Johnson v. Bell*, 605 F.3d 333, 339 (6th Cir. 2010). . . . . . . . . . . . . . . . . . . . . . . . . 21

*Kemp v. United States*, 142 S. Ct. 1856, 1860 (2022). . . . . . . . . . . . . . . . . . . . . . 8

*Klapport v. United States*, 335 U.S. 601, 614-615 (1940). . . . . . . . . . . . . . . . . . 8

*Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 863 (1988). . . . . . . 8

*Link v. Wabash R. Co.*, 370 U.S. 626 (1962). . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Marcelli v. Walker*, 313 F. App'x. 839, 842 (6th Cir. 2009). . . . . . . . . . . . . . . . . 19

*Montgomery v. Louisiana*, 577 U.S. 190, 197 (2016). . . . . . . . . . . . . . . . . . . . . . 14

*Nilen v. Holder*, 536 U.S. 418, 433 (2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

*Olle v. Henry Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990). . . . . . . . . . . . . . 17

*Rader v. Cliburn*, 476 F.2d 182, 184 (6th Cir. 1973).. . . . . . . . . . . . . . . . . . . . . . 20

*United States v. Beggerly*, 524 U.S. 38, 46 (1998). . . . . . . . . . . . . . . . . . . . . . . . 19

*United States v. Freeman*, 730 F.3d 590 (2013). . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*United States v. Gibson*, 424 F. App'x. 461, 464 (6th Cir. 2011). . . . . . . . . . . . . . 8

*United States v. West*, 534 Fed. App'x. 280 (6th Cir. 2013). . . . . . . . . . . . . . 1, 3, 23

*West v. United States*, No. 18-1441 (6th Cir. 09/04/2018). . . . . . . . . . . . . . . . . . . 2

*Wooten v. Cauley*, 677 F. 3d 303, 306 (6th Cir. 2012). . . . . . . . . . . . . . . . . . . . . . 25

*Zimmerman v. Quinn*, 744 F.2d 81, 82-83 (10th Cir. 1989). . . . . . . . . . . . . . . . . 12

-iii-

**Page**

## FEDERAL STATUTES, COURT RULES, U.S.S.G.

18 U.S.C. 924(c). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
18 U.S.C. §924(j). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
18 U.S.C. §1655. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19
18 U.S.C. §1958. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 15, 22
18 U.S.C. §3553(a)(6). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17
18 U.S.C. §3582(c)(1)(A). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3, 17
28 U.S.C. §2254. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
28 U.S.C. §2255. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 8, 12, 14, 23

Federal Rule of Civil Procedure 15(B). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
Federal Rule of Civil Procedure 60(b). . . . . . . . . . . . . . . . . . . . . . 2, 8, 14, 16, 22
Federal Rule of Civil Procedure 60(c). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
Federal Rule of Civil Procedure 60(d). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

## REFERENCES

APA Standards 3-72 & 3-73. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
Black's Law Dictionary, 2nd Edition. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

## STATEMENT OF ISSUE

**I.    IS DEFENDANT WEST ENTITLED TO RELIEF UNDER FED. R. CIVIL PRO. 60(b)(6)?**

Defendant answers "yes"
Government answers "no"

**II.   IS WEST ENTITLED TO RELIEF UNDER RULE 60(b)(4) AND (5) IF THE COURT FINDS 60(b)(6) DOES NOT APPLY?**

Defendant answers "yes"
Government answers "no"

**III.  IS WEST ENTITLED TO RELIEF UNDER RULE 60(d)?**

Defendant answers "yes"
Government answers "no"

**IV.   SHOULD THE COURT VACATE THE ILLEGAL AND UNCONSTITUTIONAL LIFE SENTENCE PURSUANT TO 28 U.S.C. §2255?**

Defendant answers "yes"
Government answers "no"

## STATEMENT OF CONTROLLING AUTHORITY

Defendant relies on the following controlling authority:

Federal Rule of Civil Procedure 60(b) and (d)

28 U.S.C. §2255(a)

## STATEMENT OF FACTS

-1-

## Procedural History

Roy West (West), along with his co-defendants, was charged in a single count first superseding indictment with conspiracy to use interstate commerce facilities *with the intent to murder* in the commission of murder-for-hire pursuant to 18 U.S.C. §1958 (Indictment, ECF No. 433; Opinion, Doc: 21-2, page 4, 06/09/2023).

On November 30, 2010, this Court granted a mistrial when the government failed to convince the jury of West's guilt.

At a second trial, on April 5, 2011, West was convicted as charged ( Jury Verdict Form, ECF No. 597).

On August 25, 2011, the Court imposed a life sentence without the possibility of parole on West (Judgment, ECF No. 637).

The Sixth Circuit affirmed West's conviction on direct appeal.  *United States v. West*, 534 Fed. App'x. 280 (6th Cir. 2013).

A motion for new trial pursuant to FRCP 33 based on newly discovered evidence was denied (Order, ECF No. 795).

A motion to vacate sentence under 28 U.S.C. §2255 was denied along with a certificate of appealability (COA) on January 13, 2017 (Order, ECF No. 922).

A motion for reconsideration of the §2255 motion was denied on April 3, 2018 (Order, ECF No. 939).

The Sixth Circuit also denied a COA. (*West v. United States*, No. 18-1441, 6th Cir. 09/04/2018).

On June 17, 2022, West filed a motion to reduce his sentence pursuant to 18 U.S.C. §3582(c)(1)(A).

On November 7, 2022, this Court granted West's motion to reduce his life sentence to time served pursuant to 18 U.S.C. §3582(c)(1)(A) and denied the government's motion for stay (Order, ECF No. 973).

The government appealed and requested that the release order be stayed pending the outcome of the appeal (Appeal No. 22-2037).

On November 18, 2022, the Sixth Circuit Court of Appeals issued an order granting the government's motion (Order, ECF No. 976).  However, the Court found that West's claims could be pursued under Federal Rule of Civil Procedure 60(b) or a §2241 petition.

On the government's merit appeal of this Court's Judgment and Order, the Sixth Circuit, on June 5, 2023, found the jury was not instructed that Day's death resulted from the conspiracy, a necessary element for a life sentence.  The Court of Appeals held that the district court made a mistake of law in granting relief under 18 U.S.C. §3582(c)(1)(A) and remanded back to the district court.

On June 6, 2023, West filed his Expedited Motion for Relief from Judgment under Rule 60(b).

-3-

West now files this Amended motion pursuant to Fed. R. Civ. P. 15(B) to set aside this Court's order denying relief under 28 U.S.C. §2255 and to reopen his habeas proceeding.

## BACKGROUND

### A.    FACTUAL BACKGROUND OF CASE.

Leonard Day, the deceased, was a violent criminal in Detroit, with a lengthy juvenile and adult record for assaults, robbery, and arson. On September 23, 2005, Day slit the throat of Lassandra Ludy and stabbed to death Janice Shulte in an apartment in Detroit. Day was also a suspect in the murder of Larry Ziokovich, who was found in a hole in a field. Day fled Detroit because authorities were looking for him because of these murders and was staying with West in Akron, Ohio. *United States v. West*, 534 Fed. App'x. 280, 283 (6th Cir. 2013). During wiretaps in an unrelated investigation, the FBI discovered that Leonard Day had stolen jewelry, a handgun, cash and a car from West when he stayed with West. Several individuals, including West, Marcus Freeman, Michael Bracey, Alvino Cornelius and Christopher Scott, began to search for Day, for the return of the jewelry. Knowing Day was "a shooter", known to be "armed and dangerous" the men armed themselves and brought bulletproof vests (539 Fed. App'x. at 285). In the intercepted calls to Day, West told Day to just return the jewelry and to keep the other stolen items and did not threaten Day. Some jewelry was in fact recovered.

-4-

In December of 2005, Day was shot and killed while in a vehicle in the driveway of a house he was staying at.  Just days before he was killed, Day was robbed and shot at by a robber, who wanted him dead and Day went searching for him to retaliate (539 Fed. App'x. at 283).  Even other people in the neighborhood wanted Day killed, who was known to be armed and dangerous and in involved in drug dealing (ECF No. 973, PageID.12929-30).  Day had many enemies and made "himself the target of violence, and that people likely wanted him dead" (539 Fed. App'x. at 285).  There were no eyewitnesses to the shooting that could identify the shooters. There was no scientific or trace evidence tying West or the co-defendants to the killings.  The government's first attempt to convict West failed and a mistrial was declared.

## B.    THE INDICTMENT, JURY INSTRUCTION, VERDICT AND SENTENCE.

The government charged West and the co-defendants with a single count of conspiracy to travel interstate commerce and to use a facility of interstate commerce *with the intent to murder* Leonard Day (Indictment, ECF No. 433, PageID.3495).  The indictment did not charge the enhancement of a death resulting from the conspiracy (Indictment, ECF No. 433, PageID.3495-3497).  Consistent with the indictment, the jury was not instructed that death was an element (Opinion and Judgment, Sixth Circuit Court of Appeals, ECF No. 977, Page 4) ("While the court defined 'murder'

under Michigan law, *it did not require the jury to make a finding about whether Day's death was the result of the murder-for-hire conspiracy*") (Transcript, ECF No. 679, PageID.8106).

Nor was there any special finding by the jury that the government had proven that there was a death and that it resulted from the conspiracy (Verdict Form, ECF No. 597, PageID.5295).

At the time of sentencing, the district court mistakenly believed "this Court is bound to impose a mandatory life sentence on Mr. West" under the statute (Sentencing, ECF No. 682, PageID.8190-91). "Everyone is in agreement." *Id*. The government failed to object and instead advocated for a life sentence.

## C.   DISPOSITION OF THE CO-DEFENDANTS.

•   **Marcus Freeman**.   Freeman was initially convicted by a jury and sentenced to a life term.   This Court set aside his conviction and sentence.   *United States v. Freeman*, 730 F.3d 590 (2013).   Subsequently, *the government agreed* to a sentence of 180 months (Rule 11 Plea Agreement, ECF No. 888).   Freeman pled guilty of killing a person while engaged in an offense punishable under section 924(c), in violation of 18 U.S.C. §924(j).   He did not plead guilty to the murder-for-hire conspiracy charged in the indictment (ECF No. 918, PageID.

12269-70). Freeman has been released from both prison and supervised release.

- **Christopher Scott**. Scott was also convicted after a jury trial and sentenced to life without parole. His conviction and sentence was vacated because of the Court's decision in *Freeman*. Scott was also sentenced to 180 months, as a shooter, which *the government agreed* to (ECF No. 919). Scott is under the same terms as Freeman. He has been release from the Bureau of Prisons.

- **Alvino Cornelius.** Testified for the government and was sentenced to time served (ECF No. 919).

- **Michael Bracey.** Also testified for the government and received a sentence, concurrent with his sentence in a major drug case, that was the equivalent of time served (ECF No. 906, PageID.1227-28).

- **Alseddrick West.** Was acquitted at trial.

**D.   DISPARITY OF DEFENDANTS FOUND GUILTY OF THE SAME OFFENSE.**

This Court found the disparity among defendants *convicted of the same offense*, a statutory maximum of ten years was unwarranted. The Court further found the sentencing guidelines to be 121-151 months (ECF No. 973, PageID.12934).

## E.  WEST'S REHABILITATION AND RELEASE PLANS.

The district court found that West's rehabilitative efforts "are commendable, extraordinary, and strongly support reducing his sentence" (ECF No. 973, PageID. 12934-36).  These efforts included:

- earning is GED while in the BOP.

- completing courses in Drug Education, Basic Cognitive Skills, the National Parenting Program, Financial Planning, Speech, Etiquette, the Electoral College, the Study of the Winter Solstice, Money Management, Investment Choices, Marketing Gold, Income Annuities and Life Lessons.

- completion of the class for his commercial driver's license.

- his consistent work history in prison.

- maintaining his close relationship with family and friends who wrote numerous letters.

- the established re-entry plans for two offers for employment and placement with South Street Ministries Re-entry Program, in Akron that assist in finding housing, long-term, and reliable transportation.

## ARGUMENT

I.   **DEFENDANT WEST IS ENTITLED TO RELIEF UNDER FED. R. CIVIL PRO. 60(b)(6).**

The text of Rule 60(b)(6) merely provides for relief when "any other reason justif[ies] relief from the operation of the judgment." The rule is often referred to as a catch-all provision.[1] Motions under Rule 60(b)(6) are not subject to the one year filing constraints. Rule 60(c)(1).[2] The rule itself does not identify the factors that would justify relief, but allows the court to exercise authority that is "adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice." *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 863 (1988) (citing to *Klapport v. United States*, 335 U.S. 601, 614-615 (1940)). Generally, application of this section of the rule should be applied in "extraordinary circumstances." *id.*, at 864.; *Henness v. Bagley*, 766 F.3d 550, 553-554 (6th Cir. 2014) ("Rule 60(b)(6) only applies in exceptional or extraordinary circumstances where principles of equity mandate relief." "The decision to grant Rule 60(b)(6) relief is a case-by-case inquiry that requires the *trial court* to intensively balance *numerous*

---

[1] The Federal Rules of Civil Procedure apply to §2255 proceedings. *United States v. Gibson*, 424 F. App'x. 461, 464 (6th Cir. 2011).

[2] Fed. R. Civ. P. 60(C)(1) limits grounds asserted in 60(b)(1), (2), and (3) to one year from the entry of judgment or order. Assuming the date of the Court's denial of the §2255 motion, 60(b)(1), (2), and (3) are "inapplicable" under *Kemp v. United States*, 142 S. Ct. 1856, 1860 (2022).

-9-

*factors*, including the competing policies of finality of judgments and the incessant command of *the court's conscience that justice be done in light of all the facts*." (emphasis added) (*id*.) (case omitted).  And, "[T]he district court's discretion in deciding a Rule 60(b) motion is especially broad due to the underlying equitable principles involved." (*id*.).  *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989).  The court in *Gonzales v. Crosby*, 545 U.S. 524 (2005) limits application of Rule 60(b)(6) to challenges not to the substance of the federal court's merits determination, but "some defect in the integrity of the federal habeas proceedings."  The court did not explain what that language encompassed, but in fn. 5, indicated that fraud would be an example.  545 U.S. at 593, fn. 5.[3]  To the extent *Gonzales* controls, West is entitled to relief in which he addresses the integrity of the §2255 proceedings because "such action is appropriate to accomplish justice." *id*. at 542.

---

[3]The court in *Gonzales* expressly held that their decision was limited to state habeas proceedings under 28 U.S.C. §2254, noting that §2255 while similar, it is "not identical."  The Supreme Court has not revisited application of their holding to §2255 proceedings.  Until and unless they do, there is no binding Supreme Court decision limiting the application of Rule 60(b), notwithstanding the court's decision in, *In Re Nailor*, 487 F.3d 1018, 1022-23 (6th Cir. 2007), finding *Gonzales* applies to §2255 proceedings.

## A.    FRAUD.

Initially, West raised the issue of a *causation* defense of Day's death in the context of an ineffective assistance of counsel claim and requested an evidentiary hearing (ECF No. 804, PageID.10672-74; Order, ECF No. 923, PageID12291). The government responded, in part, that the causation issue regarding Day's death was "inapplicable, frivolous, and irrelevant" (ECF No. 842, PageID.11578). In their response, the government set forth the element of the charge, *which did not include that Day's death resulted from the conspiracy*, a necessary element for an enhanced life sentence. In doing so, the government *conceded* that Day's death was not an element of the charge, meaning that his life sentence was invalid, illegal and unconstitutional.

In response, the Court *rejected* the causation issue (and the request for an evidentiary hearing) because:

> The cause of Leonard Day's death is not pertinent to West's criminal charge. West was charged with the crime of conspiracy to use interstate facilities in the commission of a murder-for-hire. Day's death was not an element of this offense (ECF No. 923, PageID.12302).

The government's argument did result in several outcomes:

1.    it circumvented any attack on the causation issue, and

2.    led the district court to deny relief on the causation issue or an evidentiary hearing, and

-11-

3.      and most importantly, the government failed to disclose and alert
the Court, based on its own admission, that the life sentence was
beyond the statutory maximum and was illegal.

Those statement by the government were directed to the habeas court and adopted by

the Court.  Having admitted that West was not subject to a life sentence, because he

was not charged with a life offense, the government was duty bound to alert the court

to the illegal sentence.  The failure to do so falls squarely within fraudulent conceal-

ment, or fraud by omission, or "silent fraud."

Fraud under 60(b) includes when an officer of the court, engages in conduct

directed at the "judicial machinery", that is intentionally false, willfully blind to the

truth, or is in reckless disregard for the truth, is a positive averment or is a concealment

when one is under a duty to disclose, and that deceives the court.  *Demjanjuk v.*

*Petrovsky*, 10 F.3d 338 (6th Cir. 1993).  See, *Hord v. Environmental Research Institute*,

617 NW 2d 543, 550 (Mich 2000) (silent fraud exists when there is a legal or equitable

duty to disclose).  The government had a legal duty, an equitable duty and ethical duty,

to disclose that the life sentence was illegal having conceded that the life sentence

enhancement was never charged, falling squarely under Rule 60(b)(6).[4]

---

[4]See APA Standards for Prosecutors. 3-72, 3-73 regarding sentences, a
prosecutor should be familiar with relevant sentencing laws, rules, consequences
and options and be prepared to actively advise the court in sentencing, and assure
that a fair informed sentencing judgment is made, as well as assisting the court in
obtaining complete and accurate information used in sentencing.

In short, the government committed fraud on the federal habeas court that effected the integrity of the proceedings.  Also, since an attorney is an officer-of-the-court, "misconduct" is fraud on the court.  *H.K. Porter Co. Inc. v. Goodyear Tire and Rubber*, 536 F.2d 1115 (6th Cir. 1976).

### B.   OTHER REASONS JUSTIFYING RELIEF.

There can be little question that the circumstances of West's life sentence are extraordinary and exceptional.  The government, defense attorneys, probation department, appellate attorney and §2255 attorneys all failed to raise the clear constitutional violation.[5] (ECF No. 973).  In fact, it is the government who is the primer mover in this continued injustice.  The government charged an admitted 10 year offense, agreed to jury instructions consistently with that offense and then advocated for a life sentence.  Having served 7½ years *beyond* the 10 year sentence, the government is advocating that West serve more time.  Other than procedural posturing, nothing else could justify their position.  West's life sentence is disparate with other defendants convicted of the same offense (ECF No. 973, PageID.12931).

This Court has correctly determined that "Justice and faith in our judicial system correct and the "absence of any other avenue for relief" dictate relief from the

---

[5]*Zimmerman v. Quinn*, 744 F.2d 81, 82-83 (10th Cir. 1989) (Extraordinary circumstance exists when "events not contemplated by the moving party render enforcement inequitable" under Rule 60(b)(6).

operation of the judgment.  The absence of any other form of relief is, itself, extraordinary, and relief is necessary to accomplish justice.

Once the government conceded at the §2255 habeas proceedings that the necessary death resulting element did not exist, the government failed to correct the unlawful life sentence and this Court failed to recognize that the life sentence was therefore illegal and to correct the life sentence at the time, a clear legal error.  The judgment denying relief under §2255 was thus inequitable and re-opening it is necessary to accomplish justice.  West clearly has suffered an "injustice" and if the Court's §2255 ruling stands, "the risk of undermining the public's confidence in the judicial process is evident." *Buck v. Davis*, 137 S. Ct. 759, 778 (2017).  In addition, in *Link v. Wabash R. Co.*, 370 U.S. 626 (1962), the court suggested a client wronged by an attorney may have a remedy under Rule 60(b).

In the present case, the government's failure to bring to the Court's attention the unlawful life sentence in the §2255 proceedings, after acknowledging the charge did not include the necessary death resulting enhancement, seriously affects the integrity of the proceedings, the integrity of the judiciary and the proper administration of justice, corrupting the judicial process itself.[6]

---

[6]*Gen. Medicine P.C. v. Horizon/CMS Health Corp.*, 475 F. App'x 65, 71 (6th Cir. 2012).

This Court should set aside and grant relief from this Court's Order denying West's motion under 28 U.S.C. §2255, and then to allow this Court to find his life sentence is illegal and unconstitutional.

## II.     WEST IS ENTITLED TO RELIEF UNDER RULE 60(b)(4) AND (5) IF THE COURT FINDS 60(d) DOES NOT APPLY.

Assuming that the Court does not grant relief under (b)(6), the Court should consider application of 60(b)(4), that the judgment is void.

## THE JUDGMENT OF LIFE IMPRISONMENT IS ILLEGAL AND THEREFORE VOID UNDER (b)(4).

This Court determined that "the Court imposed an illegal sentence on Roy West" (*id*., PageID.12926).  The Court found that the life sentence violated *Apprendi* and that required, as a matter of due process under the constitution, that the death resulted from the conspiracy be charged in the indictment.  Moreover, that the *Apprendi* and error "should have been apparent from the fact of the indictment and §1958" (*id*., PageID.12943).  Thus, the error circles back to government's charging decision.

In the present case, the illegal sentence, that exceeds the statutory maximum for the crime of conviction, is, by definition void.[7] "An illegal sentence 'is primarily restricted to those instances in which the *term* of the prisoner's sentence is not authorized by the statute or statutes which govern the penalty' for the crime of conviction".  *Montgomery v. Louisiana*, 577 U.S. 190, 197 (2016).  "It is well-settled

---

[7]Black's Law Dictionary, 2nd edition defines "void" as Null; ineffectual; nugatory; having no legal force or binding effect; unable, in law, to support the purpose for which it was intended.  The common meaning of void includes that it is not valid or legally binding.

that where a sentence exceeds the maximum punishment provided by statute, it is valid only to the extent of such maximum, and is void for the excess" (case collected). See also, *Harlan v. McGourin*, 218 U.S. 442, 450 (1910) (A sentence in excess of the law is void) abrogated on other grounds, *Brown v. Davenport*, 142 S. Ct. 1510 (2022).

Again, the government conceded at the §2255 proceeding that the charge carried a ten year statutory maximum. Having conceded that, in effect, the life sentence violated due process and was void, relief may be granted under (b)(4).

Likewise, the Court could consider application of (b)(5).

## THE JUDGMENT PROSPECTIVELY IS NOT EQUITABLE UNDER (B)(5).

Under Rule 60(b)(5), a "court may relieve a party or its legal representative from a final judgment, order, or proceeding" if "the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable . . ." Fed. R. Civ. P. 60(b)(5). Based on this Court's ruling, now affirmed by the appellate court, West has satisfied the judgment of a conviction for a ten year offense, having served about 17½ years. Additionally, applying the life sentence prospectively, it "is no longer equitable." As this Court accurately found, the life sentence is a "miscarriage of justice" that is "extraordinary" (ECF No. 973, PageID.12941-43). The Court found that "West's Illegal Sentence Resulting in an Unwarranted Sentencing Disparity" for

-17-

"defendants with similar records who have been found guilty of similar conduct. 18 U.S.C. §3553(a)(6)" (*id.*, PageID.12931). The Court added, "allowing the sentence to stand would undermine respect for and trust in the judicial process" after considering the "strong interest in the finality of judgments" (*id.*, PageID.12930, 12942). To allow the §2255 order to stand given that West has served his maximum sentence and satisfied the judgment requires relief.

A (b)(4) and (b)(5) motion must be filed within a reasonable time. The bounds of reasonable time "ordinarily depends on the facts of a given case, including the length and circumstances of the delay, the prejudice to the opposing party by reason of the delay, and the circumstances compelling equitable relief." *Olle v. Henry Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990).

While the *length* of time from the judgment of conviction is considerable, the rule does not specify that the time calculations run from the first judgment. In West's case, while the government is primarily responsible for West's life sentence, the district court and attorneys at trial, on appeal and in post-conviction proceedings all missed the claim until now. As soon as it was discovered, West moved quickly to seek relief in the form of his motion for sentence reduction. That motion was granted on November 7, 2022 and not reversed until June 5, 2023, finding the court erred in its judgment and order as a matter of law regarding the use of 18 U.S.C. §3582(c)

-18-

(1)(A).   The government cannot claim any prejudice because they are solely responsible for the charge, as well as approving the jury instructions, verdict form, then advocating for a life sentence.  Clearly, equity is on West's side.

### III.   WEST IS ENTITLED TO RELIEF UNDER RULE 60(d).

Rule 60(d) provides a "savings clause, preserving the law before its enactment in 1946, that allows judgments to be attacked without regard to the passage of time[.]" *Computer Leasco, Inc. v. NTP, Inc.*, 194 F. App'x 328, 334 (6th Cir. 2006); *Marcelli v. Walker*, 313 F. App'x. 839, 842 (6th Cir. 2009).  Rule 60(d) provides:

> **(d)   Other Powers to Grant Relief.**  This rule does not limit a court's power to:
>    (1)   entertain an independent action to relieve a party from a judgment, order, or proceeding;
>    (2)   grant relief under 28 U.S.C. §1655 to a defendant who was not personally notified of the action; or
>    (3)   set aside a judgment for fraud on the court.

Fed. R. Civ. P. 60(d).

Rule 60(d)(1) provides for an independent action, while (d)(3) allows the court to set aside a judgment for fraud.

### A.   RULE 60(d)(1), INDEPENDENT ACTION.

Independent actions for relief under this section "must, if Rule 60(b) is to be interpreted as a coherent whole, be reserved for those cases of 'injustice which, in certain instances, are deemed sufficiently gross to demand a departure' from rigid adherence to the doctrine of res judicata." *Beggerly*, 524 U.S. at 46 (quoting *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 244 (1944)).  The elements of such an independent cause of action are:

-20-

> (1) a judgment which ought not, in equity and good conscience, to be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud, accident, or mistake which prevented the defendant in the judgment from obtaining the benefit of his defense; (4) the absence of fault or negligence on the part of the defendant; and (5) the absence of any adequate remedy at law.

*Barrett v. Sec'y of Health & Human Servs.*, 840 F.2d 1259, 1263 (6th Cir. 1987) (citations omitted).  Relief through an independent action is available only in cases "of unusual and exceptional circumstances." *Rader v. Cliburn*, 476 F.2d 182, 184 (6th Cir. 1973).

West has met all of the elements.

First, the Court's §2255 order should not be enforced, but reopened, in equity and good conscience.

Second, West has a good defense to his life sentence to present upon re-opening the §2255 proceedings.

Third, fraud (as set forth above) and/or mistake prevented West from presenting his claim in the §2255 proceedings.

Fourth, West is not at fault or negligent in the failure to raise his claims in the §2255 proceedings, and

Finally, he has no adequate remedy otherwise.

Under (d)(3), West has presented clear and convincing evidence of:

-21-

(1) [conduct] on the part of an officer of the court; that (2) is directed to the judicial machinery itself; (3) is intentionally false, willfully blind to the truth, or is in reckless disregard of the truth; (4) is a positive averment or a concealment when one is under a duty to disclose; and (5) deceives the court. *Johnson v. Bell*, 605 F.3d 333, 339 (6th Cir. 2010); *Carter v. Anderson*, 585 F.3d 1007, 1011-12 (6th Cir. 2009).

(See, Argument I, *infra*).

For all the foregoing reasons, this Court should set aside its order denying relief of West's initial §2255 proceedings, and to reopen the habeas proceedings so this Court can grant relief from his life sentence.

IV. **THE COURT VACATE THE ILLEGAL AND UNCONSTI-
TUTIONAL LIFE SENTENCE PURSUANT TO 28 U.S.C.
§2255.**

The Court imposed an illegal sentence on West (ECF No. 973, PageID.12926-

30). 18 U.S.C. §1958(a) allows for a life sentence only if "death results" from

violation of the statute (*id.*, PageID.12927). The first superseding indictment charged

West only with the intent to murder Day. *id.* There was no substantive count where

the jury would have to decide whether Day's murder did, in fact occur. The

government conceded in the §2255 motion that death was not an element of the

charge and the Court agreed (ECF No. 923, PageID.12302). The government charged

a ten year offense, the jury was instructed only on that offense, returned a verdict only

on that offense. The Sixth Circuit has agreed, making a finding that the jury was not

instructed on the "death resulted" element necessary for a life sentence (ECF No. 977,

p. 4) (The jury instructions "did not require the jury to make a finding about whether

Day's death was the result of the murder-for-hire conspiracy"). The life sentence

violates *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) and *Burrage v. United

States*, 571 U.S. 204, 210 (2014). This constitutional violation was not harmless

(ECF No. 973, PageID.12929-30). This Court noted that the government's harmless

error argument was incorrect and that the standard is whether the "omitted element

was *both* "uncontested *and* supported by overwhelming evidence."(*id.*, PageID.

-23-

12929).  Finding that "West contested the death resulted from the conspiracy, the

Court correctly added, citing to the Sixth Circuit opinion:

> Indeed, West presented substantial evidence related to Day's long
> criminal history in support of his defense that a party outside of the
> conspiracy caused Day's murder.   For example, he: (1) introduced
> evidence that a thief who robbed Day at gunpoint – and shot at Day
> while he ran away – might want him dead; (2) "elicit[ed] testimony that
> various persons in the neighborhood did not like Day, that Day made
> himself a target for violence, and that people likely wanted him dead";
> and (3) "informed the jury that Day was wanted for 'very serious
> crimes,' had been involved with illegal drugs, and was though to be
> 'armed and dangerous.'" See *United States v. West*, 524 F. App'x 280,
> 284 (6th Cir. 2013).

> The error is far from harmless under *Kuehne*.

The Sixth Circuit agreed, presuming the *Apprendi* error was "prejudicial."   The

government cannot overcome this presumption.[8]

This Court should find that the life sentence "was imposed in violation of the

Constitution or laws of the United States, or the court was without jurisdiction to

impose such sentence, or that the sentence was in excess of the maximum authorized

by law, or is otherwise subject to collateral attack."  28 U.S.C. §2255(a).[9]

---

[8]The Sixth Circuit also found that "West appears to raise a compelling *Apprendi* claim . . ." (Order, ECF No. 976).

[9]The Court should grant immediate release without a stay.  First, West has served well beyond his statutory maximum.  Second, he is not a flight risk, given that he immediately surrendered upon the Sixth Circuit's order reversing the release order.  "A stay is not a matter of right."  *Niken v. Holder*, 536 U.S. 418, 433 (2000).  Given the rulings by this Court and the Sixth Circuit, the government

-24-

## <u>RELIEF REQUESTED</u>

**WHEREFORE**, Defendant West requests this Court to grant this Amended

Expedited Motion for Relief from Judgment under Federal Rule of Civil Procedure

60(b) and (d) and to set aside this Court's previous denial of his §2255 proceeding

and then to relieve him from his unconstitutional and illegal imprisonment for life

without parole.

Respectfully submitted,

/s/ *Craig A. Daly*

**CRAIG A. DALY, P.C. (P27539)**
Attorney for Defendant Roy West
P.O. Box 720
Royal Oak, Michigan 48068
Phone: (248) 439-0132
Email: 4bestdefense@sbcglobal.net

Dated: July 16, 2023

---

cannot make a strong showing it will prevail, that the government will be irreparably injured, the stay will ensure West and the public interest requires immediate release. *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).

-25-

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**,

      Plaintiff,

                                  File No. **06-20185**

-vs-

                                  Honorable **Victoria A. Roberts**

**ROY WEST**,

      Defendant.

## <u>CERTIFICATE OF SERVICE</u>

I, **CRAIG A. DALY, P.C.**, hereby certify that on the **16th** day of **July 2023**, I electronically filed **<u>Amended Expedited Motion for Relief from Judgment under Federal Rule of Civil Procedure 60(b) and (d) and Brief in Support</u>** with the Clerk of the Court using the ECF system which will send notification of such filing to the following: **<u>Honorable Victoria A. Roberts and the U.S. Attorney's Office</u>**

                                  Respectfully submitted,

                                  /s/ *Craig A. Daly*

                                  **CRAIG A. DALY, P.C. (P27539)**
                                  Attorney for Defendant Roy West
                                  P.O. Box 720
                                  Royal Oak, Michigan 48068
                                  Phone: (248) 439-0132
                                  Email: 4bestdefense@sbcglobal.net

Dated: July 16, 2023