UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                        Case No. 06-20185
                                               Honorable Victoria A. Roberts

ROY WEST,

    Defendant.

_____/

**CORRECTED ORDER:**

**(1) GRANTING GOVERNMENT'S MOTION TO TRANSFER WEST'S AMENDED MOTION FOR RELIEF FROM JUDGMENT UNDER RULE 60(b), (d) [ECF No. 985] AND AMENDED PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 [ECF No. 986] TO THE SIXTH CIRCUIT [ECF No. 990];**

**(2) CONSTRUING WEST'S AMENDED MOTION FOR RELIEF FROM JUDGMENT [ECF No. 985] AND AMENDED PETITION FOR WRIT OF HABEAS CORPUS [ECF No. 986] AS SECOND OR SUCCESSIVE § 2255 MOTIONS; AND**

**(3) TRANSFERRING WEST'S AMENDED MOTION FOR RELIEF FROM JUDGMENT [ECF No. 985] AND AMENDED PETITION FOR WRIT OF HABEAS CORPUS [ECF No. 986] TO THE SIXTH CIRCUIT**

I.    **INTRODUCTION**

Before the Court are: (1) Defendant Roy West's Amended Motion for Relief from Judgment under Federal Rule of Civil Procedure 60(b) and (d)

("Motion for Relief") [ECF No. 985]; (2) West's Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("§ 2241 Petition") [ECF No. 986]; and (3) the government's Motion to Transfer West's Motion for Relief and § 2241 Petition to the Sixth Circuit [ECF No. 990].

The Court: (1) **GRANTS** the government's motion [ECF No. 990]; (2) construes West's Motion for Relief [ECF No. 985] and § 2241 Petition [ECF No. 986] as second or successive § 2255 motions; and (3) **DIRECTS** the Clerk to **TRANSFER** West's Motion for Relief [ECF No. 985] and § 2241 Petition [ECF No. 986] to the Sixth Circuit.

## II.   BACKGROUND

West was convicted of a murder-for-hire conspiracy. The Court sentenced him to life in prison. The Sixth Circuit affirmed. *United States v. West*, 534 F. App'x 280 (6th Cir. 2013).

Over six years ago, this Court denied West's § 2255 motion, rejecting his arguments on the merits. *United States v. West*, 2017 WL 130286 (E.D. Mich. Jan. 13, 2017). West sought to appeal that ruling, but the Sixth Circuit denied his request for a certificate of appealability. *West v. United States*, Case No. 18- 1441 (6th Cir. Sept. 18, 2018) (order). The Sixth Circuit also denied his request to authorize a second or successive § 2255 motion to add a new claim. *In re West*, Case No. 20-1253 (6th Cir. Oct. 28, 2020) (order).

More recently, West sought compassionate release, arguing for the first time that an error in the jury instructions rendered his life sentence illegal. [ECF No. 696: Motion for Compassionate Release, PageID.12784–12809]. This Court granted that motion and reduced West's sentence to time served. [ECF No. 973: Release Order, PageID.12923–43].

On appeal, the Sixth Circuit reversed the release order. It held that compassionate release cannot be used as an end run around the requirements of § 2255. *United States v. West*, 70 F.4th 341 (6th Cir. 2023). "Because § 2255 provides a specific, comprehensive statutory scheme for post-conviction relief, any attempt to attack a prisoner's sentence or conviction must abide by its procedural strictures." *Id*.

West then filed this motion and petition, again challenging his "illegal and unconstitutional" sentence [ECF No. 985, PageID.13064] and "his unconstitutional life sentence that exceeded the maximum authorized by law" [ECF No. 986, PageID.13090 (emphasis omitted)]. He says in his papers that he seeks relief from judgment under Federal Rule of Civil Procedure 60(b) and (d), or for a writ of habeas corpus under 28 U.S.C. § 2241.

## III. DISCUSSION

Although styled as a motion for relief from judgment under Fed. R. Civ. P. 60(b) and (d) and a petition for habeas corpus under 28 U.S.C. § 2241, the government says these papers are second or successive § 2255 motions, and this Court lacks jurisdiction to consider them without preauthorization. The Court agrees. *Pilla v. United States*, 668 F.3d 368, 372 (6th Cir. 2012) ("If, in substance, a claim falls within the scope of § 2255(a), it should be treated as such regardless of any 'inventive captioning' by the prisoner.").

The scope of § 2255(a) includes a prisoner's claim that his "sentence was imposed in violation of the Constitution or the laws of the United States" or "was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a) ("A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the *sentence was imposed in violation of the Constitution or laws of the United States*, or that the court was without jurisdiction to impose such sentence, or that the sentence *was in excess of the maximum authorized by law*, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.")(emphasis added).

4

That is precisely West's claim: that he is serving an "illegal and unconstitutional" life sentence which "exceed[s] the maximum authorized by law" under the jury's verdict. [ECF No. 985, PageID.13060; ECF No. 986, PageID.13090].

Wests papers do not attack the integrity of his § 2255 proceedings or raise a non-merits defect in the resolution of his earlier habeas motion. *See Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005).

West could have raised this claim in the earlier proceeding. He did not. Thus, his motion and petition are attempts "to add a new ground" to vacate, set aside, or correct his sentence. *See id*. They are therefore second or successive § 2255 motions. *In re Nailor*, 487 F.3d 1018, 1022-23 (6th Cir. 2007) ("A Rule 60(b) motion that attempts 'to add a new ground for relief' is effectively a motion to vacate, set aside, or correct the sentence, and thus should be considered a § 2255 motion. . . . Because all of Nailor's arguments could have been raised in his first § 2255 motion, the § 2255 motion at issue is a second or successive § 2255 motion that requires our authorization for filing.").

Disguised § 2255 motions are often styled as requests for relief from judgment under Rule 60(b).  In *In re Nailor*, much like in this case, the prisoner argued in a motion brought under Rule 60(b) that the indictment did

5

not allege 50 grams or more of crack, so he "should not have been sentenced to a mandatory term of life in prison." *Nailor*, 487 F.3d at 1021.

The Sixth Circuit explained that, regardless of whether this argument attacked the district court's denial of the prisoner's initial § 2255 motion or raised a new claim for relief, the district court correctly construed the Rule 60(b) motion for what it was—a § 2255 motion by another name. *Id*. at 1023.

The same is true when the relief requested is a writ of coram nobis or a writ of habeas corpus, or when any other type of creative pleading is used. See, e.g., *Pilla*, 668 F.3d at 372 (petition for writ of coram nobis); *Charles v. Chandler*, 180 F.3d 753, 757–58 (6th Cir. 1999) (petition under § 2241); *Genoa v. Hemingway*, 14 F. App'x 300, 301 (6th Cir. 2001).

"Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference." *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004).

This Court lacks jurisdiction to consider West's Motion for Relief and § 2241 Petition; they are second or successive § 2255 motions and West did not first receive authorization to file them from the Sixth Circuit. The Court must transfer the motion and petition to the Sixth Circuit pursuant to 28

6

U.S.C. § 1631. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) ("[W]hen a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from [the Sixth Circuit], the district court shall transfer the document to [the Sixth Circuit] pursuant to 28 U.S.C. § 1631."); 28 U.S.C. § 2244(b)(3)(A).

## IV.  CONCLUSION

The Court: (1) **GRANTS** the government's motion to transfer [ECF No. 990]; (2) construes West's Motion for Relief [ECF No. 985] and § 2241 Petition [ECF No. 986] as second or successive § 2255 motions; and (3) **DIRECTS** the Clerk to **TRANSFER** West's Motion for Relief [ECF No. 985] and § 2241 Petition [ECF No. 986] to the Sixth Circuit pursuant to 28 U.S.C. § 1631 and *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

**IT IS ORDERED.**

s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  8/30/2023