UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                  Case No. 06-cr-20185-1
                                  Hon. Matthew F. Leitman

D1, ROY CHRISTOPHER WEST,

    Defendant.
_____/

**<u>ORDER DENYING MOTION
FOR BOND (ECF No. 1008) WITHOUT PREJUDICE</u>**

In 2010, Defendant Roy Christopher West was charged in a First Superseding Indictment with conspiracy to use interstate commerce facilities in the commission of murder-for-hire in violation of 18 U.S.C. § 1958. (*See* First Superseding Indictment, ECF No. 433.) The maximum sentence for that offense was ten years in the custody of the United States Bureau of Prisons. *See* 18 U.S.C. § 1958(a). After an initial mistrial due to a hung jury, a second jury convicted West as charged. But even though he was subject to a maximum sentence of no more than ten years in custody, he was sentenced to life in prison without the possibility of parole. (*See* Judgment, ECF No. 637.) That was an error of constitutional dimension (the "Error").

1

Following his conviction and sentence, West took a direct appeal to the United States Court of Appeals for the Sixth Circuit, but he did not raise the Error in that appeal. (*See* 6th Cir. Op. & Order, ECF No. 749.) The Sixth Circuit affirmed West's conviction in that appeal. (*See id.*) West thereafter filed a motion to vacate his sentence under 28 U.S.C. § 2255 (the "2255 Proceedings"), but he did not raise the Error there either. (*See* Mot. to Vacate Sent., ECF No. 804.) The District Judge presiding over the 2255 Proceedings entered an order denying the motion (*see* Order, ECF No. 923) and then entered judgment against West in those proceedings. (*See* Judgment, ECF 940.)

West first raised the Error in a motion seeking compassionate release under 18 U.S.C. § 3582. (*See* Mot., ECF No. 969.) The then-presiding District Judge granted the motion, but the United States Court of Appeals for the Sixth Circuit ultimately held that compassionate release could not be granted on the basis of the Error. *See United States v. West*, 70 F.4th 341 (6th Cir. 2023).

West thereafter filed a motion under Rule 60(b) and (d) of the Federal Rules of Civil Procedure to vacate the judgment in the 2255 Proceedings (the "Rule 60(b) Motion"). (*See* Am. Mot., ECF No. 985, PageID.13064.) The then-presiding District Judge deemed the Rule 60(b) Motion to be a second or successive motion under 28 U.S.C. § 2255 and transferred the motion to the Sixth Circuit. (*See* Order, ECF No. 996.) The Sixth Circuit thereafter determined that the Rule 60(b) Motion was not a

2

second or successive motion under 28 U.S.C. § 2255, and the Sixth Circuit remanded the case for consideration of the motion. *See In Re West*, 103 F.4th 417 (6th Cir. 2024).

The Rule 60(b) Motion is now pending before this Court. If the Court were to grant the motion, that would result in the re-opening of the 2255 Proceedings; granting the motion would not bring relief from West's life sentence. In order to obtain relief from the life sentence, West would first have to prevail on the Rule 60(b) Motion and would then additionally have to present a meritorious claim for relief in the re-opened 2255 Proceedings.

The parties have filed several rounds of briefing addressing the issues raised in the Rule 60(b) Motion. The Court is in the process of reviewing that motion.

Also pending before the Court is West's motion for release on bond. (*See* Mot., ECF No. 1008.) In that motion, West asks the Court to release him from custody while the Court is reviewing and deciding the Rule 60(b) Motion. (*See id.*) The Government opposes the motion for bond. (*See* Resp., ECF No. 1009.) For the reasons explained below, West's motion for release on bond (ECF No. 1008) is **DENIED WITHOUT PREJUDICE**.

West and the Government agree that the legal standard governing West's request for release on bond is found in the Sixth Circuit's decision in *Dotson v. Clark*, 900 F.2d 77 (6th Cir. 1990). In *Dotson*, the Sixth Circuit held that "[i]n order

to receive bail pending a decision on the merits, prisoners must be able to show not only a substantial claim of law based on the facts surrounding the petition but also the existence of 'some circumstance making the motion for bail exceptional and deserving of special treatment in the interests of justice.'" *Id.* at 79 (quoting *Aronson v. May*, 85 S.Ct. 3, 5 (1964)) (cleaned up).

While West and the Government agree that *Dotson* supplies the controlling substantive standard, they sharply disagree about how that standard applies here. West says that when applying the "substantial claim" prong of the *Dotson* test, the Court should ask only whether the Rule 60(b) Motion presents a substantial claim for relief from the judgment entered against him in the 2255 Proceedings. (*See* West Supp. Br., ECF No. 1017.)  The Government counters that the Court must instead determine whether – if the Rule 60(b) Motion were granted the and the 2255 Proceedings were re-opened – West would have a substantial claim for relief from his life sentence in the 2255 Proceedings. (*See* Gvt. Supp. Br., ECF No. 1021.)

The Court agrees with the Government.  While there is little, if any, precedent guiding the way, logic compels the conclusion that West must show more than a substantial claim under Rule 60(b).  Here's why.  As explained above, if West were to prevail on the Rule 60(b) Motion, the result would be that the 2255 Proceedings would be re-opened, and he would then have an opportunity to present claims for consideration under Section 2255.  Stated another way, if the Rule 60(b) Motion is

4

granted, West will be in much the same position as a criminal defendant who is filing his first motion for relief under Section 2255. And it is clear that a defendant in that position is not entitled to bond under the *Dotson* test unless he shows, among other things, that he has a substantial claim for relief from his sentence under Section 2255.[1] Simply put, since the best West can do on the Rule 60(b) Motion is to restore himself to the position of a defendant who cannot obtain bond without showing a substantial claim for relief from his sentence, it would not make sense to grant him bond without requiring him to make that showing.

West offers two responses to this line of reasoning, but neither persuades the Court that it may grant West bond absent a showing of a substantial claim for relief from his sentence under Section 2255. First, West argues that the Court should grant bond because the Court will have to conduct a careful and time-consuming analysis when reviewing the Rule 60(b) Motion (and in reviewing additional issues in re-opening the 2255 Proceedings, if that occurs). (*See* Reply, ECF No. 1022, PageID.13454.) West seems to suggest that the Court may grant bond absent a

---

[1] *See, e.g.*, *Morgan v. United States*, 25 F.3d 1049 (6th Cir. May 11, 1994) (unpublished table decision) (requiring defendant seeking bond during pendency of proceedings under Section 2255 to show a substantial claim in his motion for relief from sentence); *Docherty v. United States*, Nos. 10-10427, 02-81150, 2011 WL 3555688, at *8 (E.D. Mich. Aug. 8, 2011) (same), *aff'd,* 536 F. App'x 547 (6th Cir. 2013); *United States v. Mers*, No. 01 CR 101, 2005 WL 1949539, at *1 (W.D. Mich. Aug. 9, 2005) (same); *Rhodes v. United States*, Nos. 15-cv-2756, 12-cr-00122, 2017 WL 3658845, at *4 (S.D. Ohio Aug. 23, 2017) (same).

5

showing of a substantial claim for relief from his sentence because deciding the Rule 60(b) Motion (and re-opening the 2255 Proceedings, if that becomes necessary) may take a fair bit of time and may result in his continued wrongful incarceration during that time. (*See id.*) But this line of argument neither addresses nor shows a flaw in the line of reasoning set forth by the Court above. Moreover (and in any event), the Court will prioritize issuing a decision on the Rule 60(b) Motion (and, if necessary, re-opening the 2255 Proceedings).

Second, West says that the Court may grant bond without a showing that he has a substantial claim for relief from his sentence under Section 2255 because a "ruling on the merits" of those claims would be "premature" at this time. (*Id.*, PageID.13455.) But the Court is not requiring West to show that he is entitled to a final "ruling" in his favor on his claims under Section 2255. Instead, the Court has simply concluded that West, like any defendant who may be seeking bond pending review of claims for relief from his sentence under Section 2255, must show that those claims are "substantial."

For all of the reasons explained above, the Court **DENIES WITHOUT PREJUDICE** West's motion for bond (ECF No. 1008). West is not entitled to bond at this point because he has not sufficiently shown that he has a substantial claim for relief from his sentence under Section 2255. While the imposition of the life sentence was undoubtedly erroneous, the Government has taken the position that

6

relief would nonetheless be unavailable in the 2255 Proceedings because, among other things, (1) the Error was harmless, and (2) any claim for relief based upon the Error would be barred by the statute of limitations. West has not fully addressed the Government's arguments, and it is not possible for the Court to reasonably determine whether any claim challenging the imposition of his sentence would be substantial unless and until West addresses all of the Government's arguments. West says that he can show how such a claim would be substantial notwithstanding the Government's position. (*See* West's Supp. Br., ECF No. 1017, PageID.13392-13394.) He is free to file a renewed motion for bond in which he attempts to do so.

    **IT IS SO ORDERED.**

s/Matthew F. Leitman  
MATTHEW F. LEITMAN  
UNITED STATES DISTRICT JUDGE

Dated: February 5, 2025

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 5, 2025, by electronic means and/or ordinary mail.

s/Holly A. Ryan  
Case Manager  
(313) 234-5126

7