UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                            Case No. 06-cr-20185-1
                                            Hon. Matthew F. Leitman

D1, ROY CHRISTOPHER WEST,

    Defendant.

_____/

## ORDER CONCERNING MOTION HEARING

In 2010, Defendant Roy Christopher West was convicted of conspiracy to use interstate commerce facilities in the commission of murder-for-hire and sentenced to a term of life imprisonment. West thereafter filed a Motion to Vacate Sentence under 28 U.S.C. 2255 (the "2255 Motion"). (*See* Mot., ECF 804.) The Court entered an order denying the 2255 Motion in 2017. (*See* Order, ECF No. 923.) The Court thereafter entered a judgment against West in the proceedings under Section 2255 (the "2255 Judgment"). (*See* Judgment, ECF No. 940.)

Now pending before the Court are two motions filed by West. The first motion is West's Amended Expedited Motion for Relief from Judgment Under Federal Rules of Civil Procedure 60(b) and 60(d) (the "Rule 60 Motion"). (*See* ECF No. 985.) In the Rule 60 Motion, West asks the Court to set aside the 2255 Judgment. West argues that the judgment should be vacated, that the proceedings

under Section 2255 should be re-opened, and that in the re-opened proceedings, he should be permitted to assert claims that (1) his life sentence violated the rule in *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and/or (2) his trial counsel was ineffective for failing to object to his life sentence on the basis that it violated the rule in *Apprendi*. The second pending motion is West's Renewed Motion for Bond (*See* Renewed Mot., ECF No. 1026). The Court has reviewed both motions and concludes that it would benefit from limited oral argument related to both motions. Accordingly, the Court has directed its staff to contact counsel for both parties and to schedule a hearing at a mutually-convenient time.

At the hearing, the Court plans to address only the following issues:

1. The Government's argument that any *Apprendi* claim (and/or claim of ineffective assistance related to the life sentence imposed upon West) that West may seek to assert in re-opened proceedings under Section 2255 would be barred by the applicable statute of limitations. The Court intends to address with both counsel all of the arguments advanced by West as to why such claims would not be time-barred.

2. If the Court were to conclude that any *Apprendi* claim and/or claim of ineffective assistance related to the life sentence imposed upon West would be time-barred in any re-opened proceedings under Section 2255, is that a reason to deny the Rule 60(b) Motion? Stated as a more general proposition, should a district court deny a motion under Rule 60(b) seeking to re-open Section 2255 proceedings where (a) the purpose of re-opening the Section 2255 proceedings is to permit the party to bring a new claim for relief under Section 2255 but (b) the proposed new claim would fail as a matter of law if asserted in the re-opened Section 2255 proceedings? The Court directs the parties to be prepared to support their answers to these questions with citations to case law. The following authority may be instructive as a starting point for the parties' research: *Miller v. Mays*, 879 F.3d 691, 702–03 (6th Cir.

2018); *Teamsters, Chauffeurs, Warehousemen & Helpers Union, Loc. No. 59 v. Superline Transp. Co., Inc.*, 953 F.2d 17, 20–21 (1st Cir. 1992); 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2857 (3d ed.) ("The cases show that although the courts have sought to accomplish justice, they have administered Rule 60(b) with a scrupulous regard for the aims of finality . . . [and] have prevented the needless protraction of litigation by requiring the moving party to show a good claim or defense."); 12 *Moore's Federal Practice – Civil* § 60.24 (2025) ("A precondition of relief from a judgment is that the movant must show that he or she has a meritorious claim or defense. The moving party must convince the court 'that vacating the judgment will not be an empty exercise.'").

**IT IS SO ORDERED.**

                                                            s/Matthew F. Leitman
                                                            MATTHEW F. LEITMAN
                                                            UNITED STATES DISTRICT JUDGE

Dated: April 9, 2025

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 9, 2025, by electronic means and/or ordinary mail.

                                                            s/Holly A. Ryan
                                                            Case Manager
                                                            (313) 234-5126